IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-03616-RM-GPG

MARK JAY KRUM,

    Plaintiff,

v.

CHUBB LIMITED d/b/a
CHUBB GROUP, d/b/a CHUBB;
GREAT NORTHERN INSURANCE COMPANY;
STEVE W. MORTENSEN;
MATHEW WITCHER;
CELIA SANTANA; and
DALE KRUPOWICZ,

    Defendants.

_____

**ORDER TO SHOW CAUSE**
_____

    This matter is before the Court *sua sponte* after reviewing the Complaint and finding an issue is raised as to whether subject matter jurisdiction has been plausibly alleged. *See Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1276 (10th Cir. 2001) (A federal court has an independent obligation to examine its own jurisdiction at every stage of the proceeding.). Plaintiff asserts diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, which requires complete diversity of citizenship between the parties. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). However, it is unclear to the Court that the citizenship of "Chubb Limited" has been properly alleged and, therefore, that diversity jurisdiction exists.

    Here, Plaintiff alleges the following concerning Chubb Limited (referred to as "Chubb1"

in the complaint):

> 2.	Defendant Chubb1 is Chubb Limited and is incorporated in Zurich, Switzerland, headquartered in Zurich, and provides a broad range of insurance and reinsurance products to insureds worldwide. Defendant Chubb1 owns subsidiaries, directly and indirectly, that issue among other things, property insurance. Defendant Chubb1 is made up of insurance and reinsurance companies that are licensed to conduct business or approved to transact insurance in various jurisdictions in the United States.
>
> 3.	Defendant Chubb1's principal place of business in the United States is in the State of New Jersey. Defendant Chubb1 does business as the Chubb Group and Chubb. Defendant Chubb1 is one of the world's largest publicly traded property and casualty insurance companies and the largest commercial insurer in the United States. Defendant Chubb1 is engaged in the business of insurance. Defendant Chubb1 assesses, assumes, and manages risk. Defendant Chubb1 serves "affluent and high net worth individuals with substantial assets to protect."

(ECF No. 1, Complaint at ¶¶ 2, 3.) From these allegations, the Court is unable to determine whether Chubb Limited is a corporation, a limited liability company or limited partnership, or something different altogether, such as an insurance exchange.

Whether Chubb Limited is a corporation or another type of business organization is important is assessing jurisdictional citizenship. For example, "[f]or diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located." *Grynberg*, 805 F.3d at 905; *see also* 28 U.S.C. § 1332(c)(1). "[A]n unincorporated entity's citizenship[, however,] is typically determined by its members' citizenship. *Grynberg*, 805 F.3d at 905. This "rule" has been applied to many forms of organizations, such as joint stock companies, limited partnerships, labor unions, limited liability companies, unincorporated associations, and unincorporated reciprocal or inter-insurance exchanges. *Grynberg*, 805 F.3d at 906 (collecting cases); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (applying rule to unincorporated association); *Arbuthnot v. State Auto. Ins. Ass'n*, 264 F.2d 260, 261 (10th Cir. 1959) (apply rule to unincorporated reciprocal or inter-insurance exchange).

The type of business organization in which Chubb Limited falls, however, is unknown. Plaintiff alleges that Chubb Limited "is made up of insurance and reinsurance companies" indicating that it may be an unincorporated association. If so, then its citizenship is determined by the citizenship of all its members. But, the complaint fails to allege the identity of such members or their citizenships. Therefore, on this record, diversity jurisdiction has not been plausibly alleged. It is therefore

**ORDERED** that on or before December 31, 2020, Plaintiff shall **SHOW CAUSE** why this action should not be dismissed without prejudice for lack of subject matter jurisdiction.

DATED this 11th day of December, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge