## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 20-cv-03616-RM-GPG

MARK JAY KRUM,

      Plaintiff,

v.

CHUBB LIMITED;
CHUBB GROUP HOLDINGS, INC.;
CHUBB INA HOLDINGS, INC.;
FEDERAL INSURANCE COMPANY;
GREAT NORTHERN INSURANCE COMPANY;
STEVE W. MORTENSEN;
MATHEW WITCHER;
CELIA SANTANA; and
DALE KRUPOWICZ,

      Defendants.

---

## ORDER

---

This case arises from alleged damages cause to Plaintiff's property located in Beaver

Creek, Colorado (the "BC Property"). The policy ("Policy") insuring the BC Property contains

an appraisal provision relating to determining the amount of loss. That Policy provides, in

relevant part:

> **Appraisals**
> If you or we fail to agree on the amount of loss, you or we may demand an
> appraisal of the loss. Each party will select an appraiser within 20 days after
> receiving written request from the other. *The two appraisers will select a third*
> *appraiser.* If they cannot agree on a third appraiser within 15 days, you or we may
> request that the selection be made by a judge of a court having jurisdiction.
> *Written agreement signed by any two of the three appraisers shall set the amount*
> *of the loss.*

(ECF No. 58-1, p. 1 (bold in original, italics added).)

Plaintiff has demanded appraisal as to many "loss items." The "loss" at issue here to be appraised is a Theatre and Home Automation System ("THAS") in the BC Property. Plaintiff has selected an appraiser. Defendant Great Northern has selected an appraiser. Unfortunately, the two appraisers cannot agree on the third appraiser. Thus, these parties agree the Court should select the third appraiser from among the ones they have selected.[1] Pending now is Plaintiff's Motion for the Court to Appoint a Third Appraiser (the "Motion") (ECF No. 56) requesting the Court to do just that.

According to the allegations, the BC Property is a luxury residential property of approximately 11,000 square feet which includes amenities such as an indoor basketball court, an indoor 26-foot climbing rope, and a world class movie theatre. The THAS is apparently an extensive – and expensive – system as one document indicates it may have cost more than $2 million to put the system in place initially. (*See* ECF No. 31-6, p. 9.) Plaintiff asserts the system is (or was) one of the "finest acoustically and best engineered systems" in the United States, if not the world.

Plaintiff's three proposed appraisers are all "experts" in THAS. Defendant Great Northern does not challenge these proposed appraisers' impartiality or expertise. Instead, Defendant Great Northern contends that the "umpire" appointed under the Policy need not possess subject matter expertise because the umpire's primary role is to evaluate the appraisers' completed appraisals and their differences, not to undertake a third appraisal of the THAS. In addition, Defendant Great Northern contends, the appraisal provision contains no expertise requirement. Plaintiff counters that just as an art expert on nineteenth century impressionism would be called upon to value a damaged Claude Monet painting, someone with expertise in

[1] Defendant Great Northern suggests the Court may select its own. It is unclear that the Court may do so. The Court need not decide this issue because it finds the parties have provided sufficient proposed appraisers for its consideration.

THAS should be called upon to value the THAS.

The courts in this District have reached varying conclusions on the issue of subject matter expertise. And, upon review, the Court finds its rationale in *PWD, Inc. v. Travelers Indem. Co.*, No. 17-cv-2561-RM-KMT, 2019 WL 1281413 (D. Colo. March 20, 2019), and Judge Jackson's decision in *Owners Ins. Co. v. 2430 S. Havana, LLC*, No. 20-cv-01299-RBJ, 2020 WL 3839848 (D. Colo. July 8, 2020), applicable here for two reasons.

First, although expertise is not stated to be required under the Policy, in *PWD, Inc.* this Court found that someone having experience in the subject matter was the most suitable to the task of being the umpire. Similarly, as Judge Jackson stated in *2430 S. Havana LLC*, having an umpire with expertise in the area to be evaluated "makes sense," 2020 WL 3839848, at * 3. After all, at issue is an appraisal of damages to the THAS, not an arbitration or mediation. *2430 S. Havana LLC*, 2020 WL 3839848, at * 3.

Second, the appraisal provision at issue here, unlike other appraisal provisions reviewed or discussed in various cases, does not call for an "umpire." The other appraisal provisions call for an umpire, to wit:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. *The two appraisers will select an umpire.* If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. *The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire.* A decision agreed to by any two will be binding.

*2430 S. Havana, LLC*, 2020 WL 3839848, at *1 (italics added); *PWD, Inc.*, 2019 WL 1281413, at *1 (same); *PB Property Holdings, LLC v. Auto-Owners Ins. Co.*, No. 16-cv-1748-WJM-STV, 2018 WL 10879450 (D. Colo. Jan. 3, 2018) (same).[2]

Under these other appraisal provisions, the two appraisers would select an "umpire" and

---

[2] The Court recognizes *PB Property Holdings, LLC* reached a conclusion contrary to this Court.

would state separately the value of the property and amount of loss. And, "[i]f they [the two appraisers] fail to agree, they will submit their differences to the umpire." The appraisal provision in the Policy here, however, states the two appraisers would select a third "appraiser" and "[w]ritten agreement signed by any two of the three appraisers shall set the amount of the loss." Thus, appointing someone with expertise is even more compelling under the provision in this Policy.

In considering the proposed candidates the Court is nonetheless mindful, as Defendant Great Northern correctly points out, that there is still concern over COVID-19 and related travel. As it happens, one of Plaintiff's three proposed appraisers with expertise in THAS is located in Colorado. Therefore, the Court finds the most suitable person to be appointed is Mr. Daniel Stern, President and CEO of Aurum Home Technology in Denver, Colorado.

Based on the foregoing, it is **ORDERED**

(1) That the Motion to Appoint (ECF No. 56) is GRANTED; and

(2) That Mr. Daniel Stern, President and CEO of Aurum Home Technology in Denver, Colorado is appointed the third appraiser under the Policy's appraisal provision.

DATED this 21st day of April, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

4