**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-03616-RM-GPG

MARK JAY KRUM

Plaintiff,

v.

CHUBB LIMITED,
GREAT NORTHERN INSURANCE COMPANY,
CELIA SANTANA,
DALE KRUPOWICZ, and
PERSONAL RISK MANAGEMENT SOLUTIONS, LLC

Defendants.

---

**REPLY IN SUPPORT OF PLAINTIFF'S AMENDED SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: PLAINTIFF'S AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT GREAT NORTHERN INSURANCE COMPANY PERTAINING TO THE AMOUNT AND CAUSE OF THE THAS LOSS**

---

| | **Moving Party's Statement of Undisputed Material Facts ("MSUMF") and Supporting Evidence** | **Opposing Party's Response and Additional Facts and Supporting Evidence ("OSUMF")** | **Moving Party's Reply and Supporting Evidence ("RSUMF")** |
|---|---|---|---|
| 1. | Plaintiff owns a residence at 373 Strawberry Park Road, Beaver Creek Colorado 81620 (the "BC Property"). | Undisputed. However, MSUMF No. 1 was not referenced in Plaintiff's Amended Motion [Dkt. 252] which violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify *material* facts | Pursuant to this Court's Practice Standards (Civil Actions) at Section IV(c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 1 is Undisputed. |

| | | | |
|---|---|---|---|
| | | claimed to be undisputed). As such, it should be stricken. | |
| 2. | On December 24, 2019, a single actuated sprinkler head inside BC Property failed and released hundreds of gallons of liquid contaminant throughout all four levels of Plaintiff's residence (the "Insured Event") *See* ECF Doc 31 ¶96 and Ex. 1 Deposition Transcript of Mark Jay Krum ("DTMK") Ex. 1 at page 233, lines 2-10; and Ex. 24 at ¶ 7. | Partially disputed. Great Northern admits that the insured property sustained water damage from an actuated sprinkler head. Great Northern lacks knowledge or information sufficient to form a belief as to the remaining allegations in MSUMF No. 2. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252], MSUMF No. 2 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). As such, it should be stricken. | The evidence and extent of damage throughout the BC Property (including the THAS) is a material fact. The JS Held Preliminary Report dated 12/30/19 (Ex. 28 at CHUBB 004686-004687), and GNIC Ex. T at ECF Doc 246 at CHUBB_ 00512-00513 both support that the THAS sustained substantial damage and identified evidence of humidification, moisture, impact/water damage to 3 levels of the home *in addition* to the subgrade game room level.<br><br>Furthermore, GNIC Ex. T at ECF Doc. 246 supports the same undisputed material fact that was established by Chubb and GNIC's building consultant, JS Held. *See e.g.,* ECF Doc 246 at pages 57, 58, and 59. |
| 3. | At the time of the Insured Event, the BC Property was insured under a Masterpiece Deluxe Homeowners Policy issued by Chubb and Great Northern Insurance Company ("GNIC") bearing policy number 13787210-02 (the "Policy"). Ex. 2, Policy, p. 2. | Partially disputed. Great Northern admits that Great Northern issued Policy No. 13787210-02 ("Policy") to Plaintiff with a stated term of August 15, 2019, to August 15, 2020, and that the Policy provided specified coverage for the property located at 373 Strawberry Park Road, | A close examination of the April 9, 2021 certified copy of the "Policy" provided to Plaintiff by Chubb will clearly show: (1) Cover Page emblazoned with CHUBB logo at the top; (2) Policy pages (e.g. CHUBB_ 000001, 000002, etc. with copyright symbol, © Chubb.2016 on the lower lefthand corner of each page; and (3) the "Policy" document |

| | | | |
|---|---|---|---|
| | | Avon, Colorado 81620, subject to all terms, conditions, exclusions and endorsements. *See* Policy attached as **Exhibit A** which Great Northern reproduced in its first supplemental disclosure to replace the version Plaintiff includes as Dkt. 253-2. Great Northern specifically disputes that the Policy was issued by Chubb. *See* Ex. A; *see also* Order (02/10/22) [Dkt. 162] at pp. 7-9. | "authenticated" with CHUBB (**not** GNIC) Bates labels. Ex. 2, Policy.<br><br>Krum testified in his Deposition that at the time of the Insured Event, he believed he was insured by "Chubb" (Ex. 1, Deposition Testimony of Mark Krum, ("DTMK"), November 10, 2022, page 210, lines 10-16). Furthermore, "[I]n August of 2011, PRMS advised me that all my future insurance premiums must be paid directly by me to Chubb. From 2011 through 2020, I directly paid Chubb in excess of a hundred thousand dollars in insurance premiums. My credit card statements and my personal checks reflected that all premium payments were made to 'Chubb Insurance' or 'Chubb Group of Insurance Companies.'" (Ex. 1, DTMK, *November 11*, 2022, page 246, line 18-page 247, line 1. |
| 4. | Within hours of the Insured Event, Plaintiff provided his insurance brokers/Chubb/GNIC with notice of the loss. Ex.3, Deposition Transcript of Celia Santana ("SDT") at page 165, lines 6-9. | Partially disputed. Great Northern admits that Plaintiff notified Great Northern of alleged damage to the property on December 24, 2019. *See* Great Northern Answer & Counterclaim [Dkt. 52] at p. 112, ¶4. Great Northern further admits that it appears Plaintiff spoke with Celia Santana about his claim on December 24, 2019. Santana Depo. [Dkt. 253-3] at 165:6-9. Great Northern lacks knowledge or information | According to the "Policy," it is the insured's duty after a loss to "immediately notify us or your agent of your loss." Ex. 2, Policy, CHUBB_000046.<br><br>Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 4 is Undisputed. |

| | | | |
|---|---|---|---|
| 4. | Within hours of the Insured Event, Plaintiff provided his insurance brokers/Chubb/GNIC with notice of the loss. Ex.3, Deposition Transcript of Celia Santana ("SDT") at page 165, lines 6-9. | Partially disputed. Great Northern admits that Plaintiff notified Great Northern of alleged damage to the property on December 24, 2019. *See* Great Northern Answer & Counterclaim [Dkt. 52] at p. 112, ¶4. Great Northern further admits that it appears Plaintiff spoke with Celia Santana about his claim on December 24, 2019. Santana Depo. [Dkt. 253-3] at 165:6-9. Great Northern lacks knowledge or information sufficient to form a belief as to the remaining allegations in MSUMF No. 4. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252], MSUMF No. 4 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). As such, it should be stricken. | According to the "Policy," it is the insured's duty after a loss to "immediately notify us or your agent of your loss." Ex. 2, Policy, CHUBB_000046.<br><br>Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 4 is Undisputed. |
| 5. | On November 3, 2020 GNIC (the "Insurer") and Plaintiff entered into a Limited Mutual Release (the "LMR"), (Ex.4 Chubb 045264-045272) which | Undisputed. | |

| | | | |
|---|---|---|---|
| 6. | The Theatre and Home Automation System (THAS) was developed, designed, engineered, installed, and serviced by Frankentek Residential Systems, LLC (Frankentek). Ex. 5-Pavluk Declaration at ¶ 9. | Undisputed. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even referenced in the argument section), MSUMF No. 6 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). The Pavluk declaration is also inadmissible hearsay that was not previously disclosed in this litigation prior to the close of discovery. As such, MSUMF No. 6 and the Pavluk declaration should be stricken. | Mr. Pavluk will be called by Plaintiff at time of trial to testify about material facts which will be admissible under Federal Rules of Evidence. Frankentek developed, designed, engineered, installed, and serviced the THAS which is the subject of Plaintiff's Amended SJ Motion.<br><br>Pavluk Declaration submitted pursuant to Fed. R. Civ. P. 56)c)(4). |
| 7A. | Frankentek has more than 25 years of professional experience in residential and commercial electronic installations; it is a full service company with a national and international reputation for providing design, engineering, installation, consulting services, architectural specifications, system design as well as project management and system maintenance services for sophisticated and highly | While Great Northern lacks knowledge or information sufficient to form a belief as to the allegations in MSUMF No. 7A, for purposes of this motion only this alleged fact may be considered undisputed. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the argument section), MSUMF No. 7A violates | That Frankentek is an experienced, nationally recognized expert in designing and installing home theater systems is a material fact. Information provided by the Pavluk Declaration, Ex. 5, is permitted pursuant to Fed. R. Civ. P. 56.1(c) (4). Mr. Pavluk will be called by Plaintiff at time of trial to testify about material facts which will be admissible under Federal Rules of Evidence. |

| | | | |
|---|---|---|---|
| | advanced luxury, world-class theatre and home automation systems, energy management systems, communication and security systems,, fire, and audio/video systems.<br><br>Ex. 5 — Pavluk Declaration at ¶2 | this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify <u>*material*</u> facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). The Pavluk declaration is also inadmissible hearsay that was not previously disclosed in this litigation prior to the close of discovery. As such, MSUMF No. 7A and the Pavluk declaration should be stricken. | |
| 7B. | In 2008 Frankentek received an award for building the number one home theater in the United States (the "2008 Frankentek Theater").<br><br>Ex. 5 — Pavluk Declaration at ¶8. | While Great Northern lacks knowledge or information sufficient to form a belief as to the allegations in MSUMF No. 7B, for purposes of this motion only this alleged fact may be considered undisputed. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the argument section), MSUMF No. 7B violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify <u>*material*</u> facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) | That Frankentek is an experienced, nationally recognized expert in designing and installing home theater systems is a material fact. Mr. Pavluk will be called by Plaintiff at time of trial to testify about material facts which will be admissible under Federal Rules of Evidence. |

| | | | |
|---|---|---|---|
| | | (indicating voluminous exhibits are discouraged). The Pavluk declaration is also inadmissible hearsay that was not previously disclosed in this litigation prior to the close of discovery. As such, MSUMF No. 7B and the Pavluk declaration should be stricken. | |
| 7C. | In June of 2010 Mr. Krum retained Frankentek to develop, design, engineer, install and service a movie theater and AV home automation systems at the BC property he was purchasing in September 2010. At this time Mr. Krum had instructed and reached an agreement with Frankentek that the BC Property movie theater specifications had to exceed the 2008 Frankentek Theater in acoustic quality and performance levels and "that by anyone's professional and industry standards would be valued in excess of $1<br><br>Ex. 5 — Pavluk Declaration at ¶9. | While Great Northern lacks knowledge or information sufficient to form a belief as to the allegations in MSUMF No. 7C, for purposes of this motion only this alleged fact may be considered undisputed. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the argument section), MSUMF No. 7C violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify <u>*material*</u> facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). The Pavluk declaration is also inadmissible hearsay that was not previously disclosed in this litigation prior to the close of discovery. As such, | Information provided by the Pavluk Declaration, Ex. 5, is permitted pursuant to Fed. R. Civ. P. 56.1(c) (4).<br><br>Mr. Pavluk will be called by Plaintiff at time of trial to testify about material facts which will be admissible under Federal Rules of Evidence.<br><br>Ex. 1, DTMK, page 232, line 17-page 22, line 1. |

| | | | |
|---|---|---|---|
| | | MSUMF No. 7C and the Pavluk declaration should be stricken. | |
| 8. | On December 26, 2019 Tommy V Le, General Adjuster for Chubb ("Chubb Adjuster Le") directly and unequivocally stated to Plaintiff and Mr. Tony Pierce of ServPro that "Chubb is not" going to have an expert or consultant for the BC Property THAS and that Chubb is going to "rely solely on Frankentek who developed, designed, engineered, and installed the THAS." Ex. 24 — Piecre Declaration at ¶ 8. | Disputed. Mr. Le testified that Great Northern retained consultants to assist in the investigation of the THAS loss and that one such consultant attended the December 26, 2019 inspection with him. *See*, *e.g.*, Le Deposition attached as **Exhibit B** at 65:1-10; 67:7-10. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the argument section), MSUMF No. 8 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). The Pierce Declaration is also inadmissible hearsay that was not previously disclosed in this litigation prior to the close of discovery. As such, MSUMF No. 8 and the Pierce Declaration should be stricken. | Information provided by the Pierce Declaration, Ex. 24, is permitted pursuant to Fed. R. Civ. P. 56.1(c) (4).<br><br>Mr. Pierce will be called by Plaintiff at time of trial to testify about material facts, and facts consistent with his Declaration, about such statements made by Chubb Adjuster Le which will be admissible under Federal Rules of Evidence, *i.e.,* admiss-ible pursuant to Fed. R. Evid. 801(d)(2)(A), (C), and (D).<br><br>The Le deposition testimony cite submitted by GNIC **does not state what GNIC claims.** On December 26, 2019 Chubb and GNIC did not have THAS consultant(s) present at the meeting at the BC Property. While Chubb Adjuster Le stated during his deposition testimony that Great Northern retained consultants to assist in the investigation of the THAS loss, the consultant who attended the December 26, 2019 meeting at the BC Property was not a THAS consultant, but rather a building consultant from JS Held with absolutely no THAS experience.<br><br>Pursuant to the Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) |

| | | | |
|---|---|---|---|
| | | | "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that Plaintiff's position is that MSUMF 8 is Undisputed. |
| 9. | On January 8, 9, and 10, 2020, Michael Pavluk ("Pavluk"), a co-owner of Frankentek inspected the BC Property THAS for any damage caused by the Insured Event.<br>Ex. 5 — Pavluk Declaration at ¶15. | Undisputed. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the argument section), MSUMF No. 9 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). The Pavluk declaration is also inadmissible hearsay that was not previously disclosed in this litigation prior to the close of discovery. As such, MSUMF No. 9 and the Pavluk declaration should be stricken. | Information provided by the Pavluk Declaration, Ex. 5, is permitted pursuant to Fed. R. Civ. P. 56.1(c) (4).<br><br>Mr. Pavluk will be called by Plaintiff at time of trial to testify about material facts which will be admissible under the Federal Rules of Evidence.<br><br>In April of 2021 Mr. Pavluk was listed as a witness for Plaintiff in his Rule 26 Disclosures. Defendants were advised that "Mr. Pavluk has knowledge concerning many of the allegations in the Amended Complaint, including but not limited to, design, engineering, installation of the Krum THAS." Mr. Pavluk has been available for deposition by defendant pursuant to the Federal and Local Rules. Defendants voluntarily chose not to depose this material witness who will testify at trial in Plaintiff's case-in-chief. Defendants have known about Mr. Pavluk, Frankentek and their significant involvement with regard to Plaintiff's THAS since no later than December 26, 2019.<br><br>Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) |

| | | | |
|---|---|---|---|
| | | | "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 9 is Undisputed. |
| 10. | On January 10, 2020 Pavluk had an in-person meeting with Chubb Adjuster Le and his JS Held Consultant at the BC Property to answer any and all questions about the damage to the THAS from the Insured Event. Ex. 5—Pavluk Declaration at ¶17. | Undisputed. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the argument section), MSUMF No. 10 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). The Pavluk declaration is also inadmissible hearsay that was not previously disclosed in this litigation prior to the close of discovery. As such, MSUMF No. 10 and the Pavluk declaration should be stricken. | Information provided by the Pavluk Declaration, Ex. 5, is permitted pursuant to Fed. R. Civ. P. 56.1(c) (4).<br><br>Mr. Pavluk will be called by Plaintiff at time of trial to testify about material facts regarding the Plaintiff's THAS which will be admissible under Federal Rules of Evidence. |
| 11. | On January 11, 2020 Tom Kirkpatrick of Contents Consulting, Inc., at the sole request and on behalf of Chubb and Great Northern, and retained and paid by Chubb and Great Northern, inspected the THAS. Ex. 7 —(Krum_000457-000459); Ex. 8 — Tom Kirkpatrick November 18, 2021 Deposition Transcript | Partially Disputed. Great Northern retained Mr. Kirkpatrick of Contents Consulting in January 2020 to assist with the adjustment of Plaintiff's content damage. *See* Dkt. 253-7 at KRUM_000458. Because part of Plaintiff's THAS loss was paid out under the Policy's contents coverage, Mr. | Mr. Kirkpatrick is the THAS designated appraiser selected by "Chubb"/ Great Northern Insurance Company ("Great Northern").<br><br>In his deposition testimony, Mr. Kirkpatrick specifically stated that he spent two full days looking at the contents in the Plaintiff's house and at the Plaintiff's theater "on behalf of |

| | | | |
|---|---|---|---|
| | ("TKDT") page 152, lines 3-24 and page 153, lines 1-3. | Kirkpatrick would have necessarily looked at the theater during his inspection on January 10-11, 2020. *See* Dkt. 253-8 at 152:10-22. Since Great Northern issued the Policy, any reference to "Chubb" is inappropriate. *See* Order (02/10/22) [Dkt. 162] at pp. 7-9. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the argument section), MSUMF No. 11 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). Plaintiff also did not properly authenticate the documents described in MSUMF No. 11 which include inadmissible hearsay. As such, it should be stricken. | Chubb…" Ex. 8, Tom Kirkpatrick Deposition Testimony, ("TKTD") November 18, 2021, page 252, lines 19-24.<br><br>Claims Adjuster Magnotta in telephone conversations (which were confirmed in email documentation from Plaintiff) stated that Chubb had named Mr. Tom Kirkpatrick as its designated appraiser for the THAS. Ex. 29, July 1, 2020 Email from Mark Krum to Steven Magnotta, KRUM_ 002414. Most significantly, Kirkpatrick himself testified under oath that he has "been selected by Chubb to act as the appraiser on their behalf."<br><br>At the deposition testimony of Tom Kirkpatrick, Mr. Kirkpatrick confirmed his email to Mike Pavluk dated July 8, 2020 (Ex. 36, July 8, 2020 email), saying "Yes." in response to the question, "Nevertheless, this email written by you, confirms that you are selected by Chubb to be their – to be the appraiser on my THAS on Chubb's behalf." TKDT page 25, lines 9-13.<br><br>It should be noted for purposes of understanding and clarity, that on **every email correspondence** sent to Mr. Krum from **ANY** "Chubb" or "Great Northern" representative, the title Block for signature bears the Chubb logo, CHUBB. Ex. 30, Email from |

| | | | |
|---|---|---|---|
| | | | Stephen Magnotta to Mark Krum, July 1, 2020.<br><br>Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect MSUMF 11 is Undisputed. |
| 12. | After an inspection of the home automation system and theater equipment (the THAS) and upon consultation with manufacturers of the installed THAS, on or about January 26, 2020 Michael Pavluk of Frankentek Residential Systems LLC (the original designer and installer of the THAS in the BC Property), prepared the Expert Report on the Plaintiff's dwelling claims for his THAS ["the Jan 26 Frankentek Report"]. Plaintiff Krum provided this report via email to General Adjuster Tommy Le on January 27, 2020. Ex. 11[sic], Ex. 6. | While Great Northern lacks knowledge or information sufficient to form a belief as to the allegations in MSUMF No. 12, for purposes of this motion only these alleged facts may be considered undisputed. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the motion), MSUMF No. 12 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged).<br>Plaintiff also did not properly authenticate the documents described in MSUMF No. 12 which are not bates labeled and include inadmissible | The Frankentek Report (Ex. 6, CHUBB_005642-005751) is material evidence that substantiates the amount of and provides support for the estimate to repair/replace the THAS in the amount of $1,085,151 ($851,121.00 for Theater plus $234,030.00 for Home Automation Systems) versus the $128,165 presented by CHUBB/GNIC to Plaintiff on June 12, 2020. Ex. 34A, Email from Steven Magnotta, June 12, 2020, CHUBB_003114, Ex. 34B, Plaintiff Deposition Exhibit 25.<br><br>Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect MSUMF 12 is Undisputed.<br><br>Plaintiff has properly authenticated the Frankentek Reports as they are attached as Exhibits S and U to the Amended Complaint to ECF |

| | | | |
|---|---|---|---|
| 12. | After an inspection of the home automation system and theater equipment (the THAS) and upon consultation with manufacturers of the installed THAS, on or about January 26, 2020 Michael Pavluk of Frankentek Residential Systems LLC (the original designer and installer of the THAS in the BC Property), prepared the Expert Report on the Plaintiff's dwelling claims for his THAS ["the Jan 26 Frankentek Report"]. Plaintiff Krum provided this report via email to General Adjuster Tommy Le on January 27, 2020. Ex. 11[sic], Ex. 6. | While Great Northern lacks knowledge or information sufficient to form a belief as to the allegations in MSUMF No. 12, for purposes of this motion only these alleged facts may be considered undisputed. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the motion), MSUMF No. 12 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify *material* facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged).<br>Plaintiff also did not properly authenticate the documents described in MSUMF No. 12 which are not bates labeled and include inadmissible hearay. The described documents also do not correspond with the referenced exhibit. As such, MSUMF No. 12 should be stricken. | The Frankentek Report (Ex. 6, CHUBB_005642-005751) is material evidence that substantiates the amount of and provides support for the estimate to repair/replace the THAS in the amount of $1,085,151 ($851,121.00 for Theater plus $234,030.00 for Home Automation Systems) versus the $128,165 presented by CHUBB/GNIC to Plaintiff on June 12, 2020. Ex. 34A, Email from Steven Magnotta, June 12, 2020, CHUBB_003114, Ex. 34B, Plaintiff Deposition Exhibit 25.<br><br>Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect MSUMF 12 is Undisputed.<br><br>Plaintiff has properly authenticated the Frankentek Reports as they are attached as Exhibits S and U to the Amended Complaint to ECF Doc. 31-6 and are part of the Chubb and Great Northern Claim File.<br><br>The author of the Frankentek Reports, Mike Pavluk will be called at the time of trial to testify about material facts which will be admissible under Federal |

| | | | |
|---|---|---|---|
| 14. | A letter from Plaintiff to Tommy V. Le, Chubb General Adjuster for the Claim, included a copy of the estimate and was emailed on January 27, 2020. Ex. 6.<br><br>A copy of the January 26 Frankentek Report (without exhibits) is attached hereto, incorporated herein, and marked as Exhibit "S". | Partially Disputed as there is no Exhibit "S" attached to the MSUMF [Dkt. 253]. Great Northern admits that the Frankentek Report speaks for itself and that it was provided with a copy of the same. *See* Dkt. No. 253-6. Since Great Northern issued the Policy, any reference to "Chubb" is inappropriate. *See* Order (02/10/22) [Dkt. 162] at pp. 7-9. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the argument section), MSUMF No. 14 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). Plaintiff also did not properly authenticate the document described in MSUMF No. 14 which has not been bates labeled and includes inadmissible hearsay. As such, MSUMF No. 14 should be stricken. | Ex. 6, attached to the MSUMF is also attached to ECF Doc 31-6, as Exhibit "S". The facts contained therein are material facts which substantiate that the Frankentek estimated cost for repair/replacement of the THAS was no less than $1,085,151.00 as of January 27, 2020 versus the $125,165.00 submitted by Chubb/GNIC as of June 12, 2020.<br><br>Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect MSUMF 14 is Undisputed. |
| 15. | On February 7, 2020 Chubb's consultant, JS Held, had complete access | While Great Northern lacks knowledge or information sufficient to | Information provided by the Pavluk Declaration, Ex. 5, is permitted pursuant to Fed. R. |

| | | | |
|---|---|---|---|
| | to the BC Property THAS for any and all inspections and testing they desired (the" JS Held February 7 THAS Inspection"). Ex. 5 — Pavluk Declaration at ¶¶ 20-21. | form a belief as to the allegations in MSUMF No. 15, for purposes of this motion only these alleged facts may be considered undisputed. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even referenced in the argument section), MSUMF No. 14 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). The Pavluk declaration is also inadmissible hearsay that was not previously disclosed in this litigation prior to the close of discovery. As such, MSUMF No. 14 and the Pavluk declaration should be stricken. | Civ. P. 56.1(c) (4).<br><br>Mr. Pavluk will be called by Plaintiff at time of trial to testify about material facts regarding the Plaintiff's THAS which will be admissible under Federal Rules of Evidence.<br><br>In April of 2021 Mr. Pavluk was listed as a witness for Plaintiff in his Rule 26 Disclosures. Mr. Pavluk has been available for deposition by defendant pursuant to the Federal and Local Rules. Defendants voluntarily chose not to depose this material witness who will testify at trial in Plaintiff's case-in-chief. Defendants have known about Mr. Pavluk, Frankentek and their significant involvement with regard to Plaintiff's THAS since no later than December 26, 2019.<br><br>Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 15 is Undisputed. |
| 16. | On February Mike Pavluk was present at the BC Property during the JS Held February 7 THAS Inspection and discussed with Mr. Anthony Danza of | Disputed. The referenced Exhibit 15 does not support Plaintiff's allegations in MSUMF No. 16. To the extent Plaintiff is relying on any | Information provided by the Pavluk Declaration, Ex. 5, is permitted pursuant to Fed. R. Civ. P. 56.1(c) (4).<br><br>Mr. Pavluk will be called by |

| | | | |
|---|---|---|---|
| | JS Held the primary contaminant damage, secondary humidity damage, remediation and reconstruction damage and the "Domino Effect" on other pieces of electronic equipment. Ex. 15[sic] Ex. 5. | statement in Exhibit 15 for the truth of the matter asserted, it constitutes inadmissible hearsay. While Great Northern admits that Mr. Pavluk was at the February 7, 2020 inspection, Great Northern specifically disputes that JS Held somehow agreed with Mr. Pavluk's assessment of the damage. *See*, *e.g.*, JS Held Report (4/15/20) attached as **Exhibit C** [Plaintiff Depo Ex. 25A]; JS Held Report (4/16/20) attached as **Exhibit D** [Plaintiff Dep Ex. 25B]; JS Held Spreadsheet attached as **Exhibit E** [Plaintiff Dep Ex. 25C]. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even referenced in the motion), MSUMF No. 16 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). Plaintiff also did not properly authenticate the document described in MSUMF No. 16 and which includes inadmissible hearsay. As | Plaintiff at time of trial to testify about material facts regarding the Plaintiff's THAS which will be admissible under Federal Rules of Evidence.<br><br>In April of 2021 Mr. Pavluk was listed as a witness for Plaintiff in his Rule 26 Disclosures. Mr. Pavluk has been available for deposition by defendant pursuant to the Federal and Local Rules. Defendants voluntarily chose not to depose this material witness who will testify at trial in Plaintiff's case-in-chief. Defendants have known about Mr. Pavluk, Frankentek and their significant involvement with regard to Plaintiff's THAS since no later than December 26, 2019.<br><br>Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 16 is Undisputed.<br><br>Anything Mr. Danza stated to Mr. Pavluk on February 7, 2020 is admissible at trial pursuant to Fed. R. Evid. 801(d)(2)(A). Mr. Pavluk will be called by Plaintiff at time of trial to testify about material facts which will be admissible under Federal Rules of Evidence. |

| | | | |
|---|---|---|---|
| | | such, MSUMF No. 16 should be stricken. | |
| 17. | At no time during the JS Held February 7 THAS Inspection did JS Held representatives ever once attempt to activate (turn on and run) the BC Property Movie Theatre. Ex. 5—Pavluk Declaration at ¶ 29. | While Great Northern lacks knowledge or information sufficient to form a belief as to the allegations in MSUMF No. 17, for purposes of this motion only these alleged facts may be considered undisputed. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even referenced in the argument section), MSUMF No. 17 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). The Pavluk declaration is also inadmissible hearsay that was not previously disclosed in this litigation prior to the close of discovery. As such, MSUMF No. 17 and the Pavluk declaration should be stricken. | Information provided by the Pavluk Declaration, Ex. 5, is permitted pursuant to Fed. R. Civ. P. 56.1(c) (4).<br><br>Mr. Pavluk will be called by Plaintiff at time of trial to testify about material facts regarding the Plaintiff's THAS which will be admissible under Federal Rules of Evidence.<br><br>In April of 2021 Mr. Pavluk was listed as a witness for Plaintiff in his Rule 26 Disclosures. Mr. Pavluk has been available for deposition by defendant pursuant to the Federal and Local Rules. Defendants voluntarily chose not to depose this material witness who will testify at trial in Plaintiff's case-in-chief. Defendants have known about Mr. Pavluk, Frankentek and their significant involvement with regard to Plaintiff's THAS since no later than December 26, 2019.<br><br>Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 16 is Undisputed.<br><br>Anything Mr. Danza stated to Mr. Pavluk on February 7, 2020 is admissible at trial pursuant to |

| | | | |
|---|---|---|---|
| | | | Fed. R. Evid. 801(d)(2)(A). Mr. Pavluk will be called by Plaintiff at time of trial to testify about material facts which will be admissible under Federal Rules of Evidence. |
| 18. | On February 23, 2020 Plaintiff provided Chubb Adjuster Le with Frankentek's Supplemental Expert Report dated February 20, 2020 (the "Feb. 20 Frankentek Supp. Report"). Ex. 10.<br><br>A copy of the Feb. 20 Frankentek Supp. Report and February 23, 2020 cover email to Chubb Adjuster Le are attached as Ex. 10 and marked as Exhibit "U". | Partially Disputed as there is no Exhibit "U" attached to the MSUMF [Dkt. 253]. Great Northern admits that the Supplemental Frankentek Report speaks for itself and that Great Northern was provided with a copy of the same. *See* Dkt. No. 253-9. Since Great Northern issued the Policy, any reference to "Chubb" is inappropriate. *See* Order (02/10/22) [Dkt. 162] at pp. 7-9. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the argument section), MSUMF No. 18 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). Plaintiff also did not properly authenticate the documents described in MSUMF No. 18 which are not even bates labeled | GNIC's statement that there is no Exhibit U attached to MSUMF Doc. 253 is not accurate. Ex. 10, shown as Exhibit U from Doc 31-6 is attached. Plaintiff has properly authenticated Ex. 10 as it is attached to ECF Doc 31-6 as Exhibit U.<br><br>The Frankentek February 20, 2020 Supplemental Report was received by Chubb Adjuster Le. *See* Ex. 5 ¶¶23-25.<br><br>The evidence and extent of damage to the BC Property THAS is a material fact.<br><br>Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 18 is Undisputed. |

| | | | |
|---|---|---|---|
| | | and include inadmissible hearsay. As such, MSUMF No. 18 should be stricken. | |
| 19. | The February 20 Frankentek Supp. Report states that "Frankentek does not agree with the February 17, 2020... [Chubb] Inspection Protocol .. . Frankentek firmly asserts that its report of January 26, 2020 accurately sets forth the damage to the Theater, Home Automation [S]ystem, and Whole House Electronic System directly caused by the December 24, 2019 sprinkler head failure." Ex. 10 at p. 4. | Partially Disputed as Plaintiff has selectively quoted the Supplemental Frankentek Report. Great Northern admits the Supplemental Frankentek Report speaks for itself. *See* Dkt. 253-9. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the argument section), MSUMF No. 19 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). Plaintiff also did not properly authenticate the documents described in MSUMF No. 19 which are not even bates labeled and include inadmissible hearsay. As such, MSUMF No. 19 should be stricken. | The GNIC statement that the quote from the Supplemental Frankentek Report has been "selectively quoted" is false. The MSUMF precisely quotes the statement from the paragraph on page 4 of the actual report, Ex. 10. Ex. 10 has been authenticated as it was previously attached as ECF Doc 31 as Exhibit U.<br><br>The evidence and extent of damage to the BC Property THAS is a material fact.<br><br>Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 18 is Undisputed. |
| 20. | The February 20 Frankentek Supp. Report states that "Mr. Krum made it clear that JS Held | Disputed as the Supplemental Frankentek Report, which speaks for itself, is misquoted. *See* | Information provided by the Pavluk Declaration, Ex. 5, is permitted pursuant to Fed. R. Civ. P. 56.1(c) (4). |

| | | | |
|---|---|---|---|
| | [Chubb's consultant] had complete access to inspect and remove and test any equipment Frankentek had claimed to be damaged under the condition that any individual or company inspecting, testing, and/or removing the equipment would be responsible for any additional damage caused to the Theater and any other Audio Video equipment in the home." Ex. 5 —Pavluk Declaration at ¶ 25. | Dkt. 253-9.<br>Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the motion), MSUMF No. 20 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify *material* facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). Plaintiff also did not properly authenticate the documents described in MSUMF No. 20 which are not even bates labeled and include inadmissible hearsay. As such, MSUMF No. 20 should be stricken. | Mr. Pavluk will be called by Plaintiff at time of trial to testify about material facts which will be admissible under Federal Rules of Evidence.<br><br>The paragraph on page 5 of the Supplemental Frankentek Report (Ex. 10) is not misquoted; In fact, it further states that "During my (Mr. Pavluk's) meeting with Mr. Danza, Mr. Krum made it clear that JS Held had complete access. . . " Ex. 10 has been properly authenticated as it is Exhibit U of Doc 31-6. |
| 21. | On February 24, 2020 Plaintiff provided Chubb Adjuster Le, Defendant Witcher and the Chubb Defendants (along with Defendant Krupowicz and Defendant Santana) with the detailed report of SimpleTech of Carbondale, Colorado, dated February 23, 2020 on the Plaintiff's dwelling claims for his THAS (the "February 23 SimpleTech Report"). Ex. 11.<br><br>A copy of the February 23 | Partially disputed. Great Northern admits that Plaintiff provided a copy of the SimpleTech Report (2/23/20) to, among others, Mr. Le, Mr. Witcher, Mr. Krupowicz and Ms. Santana. *See* Dkt. 253-10 which is also attached as Exhibit "V" to the Amended Complaint [Dkt. 31-6]. Since Great Northern issued the Policy, any reference to "Chubb" is inappropriate. *See* Order (02/10/22) [Dkt. 162] at pp. 7-9. | Ex. 11, the Simpletech Report has been properly authenticated and attached as Exhibit V of Doc. 31-6.<br><br>Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 21 is Undisputed. |

| | | | |
|---|---|---|---|
| | SimpleTech Report and February 24, 2020 cover email are attached as Ex. 11 and marked as Exhibit "V" to the Amended Complaint. | Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the argument section), MSUMF No. 21 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). Plaintiff also did not properly authenticate the documents described in MSUMF No. 21 which are not even bates labeled and include inadmissible hearsay. As such, MSUMF No. 21 should be stricken. | |
| 22. | The February 23 Simpletech Report set forth that the repair and replacement cost for the damage to the Krum THAS as a direct result of the Insured Event is $1,655,868.31. Ex. 11 | Disputed. The SimpleTech Report contends Plaintiff's THAS damages were $1,655,686.31. *See* Dkt. 253-10. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the argument section), MSUMF No. 22 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF | The February 23 Simpletech Report, Ex. 11, states on pages 8 and 9 of the Report that the devices, systems, and components were exposed to direct water/glycerin or exposed to ultra-high humidity levels for an undetermined amount of time, and the recommendation of Simpletech and the manufacturers is that 100% of the equipment in the effected [sic] areas be replaced to achieve previous performance levels. The total amount of the quote/estimate prepared and submitted by Simpletech was |

| | | | |
|---|---|---|---|
| | | should identify *material* facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). Plaintiff also did not properly authenticate the documents described in MSUMF No. 22 which are not even bates labeled and include inadmissible hearsay. As such, MSUMF No. 22 should be stricken. | $1,655,868.31. This Ex. 11 is authenticated and was attached as Ex. V of Doc 31-6.<br><br>A SimpleTech officer will be called at trial if Plaintiff and/or the Court deems necessary. The SimpleTech Report may also be used for cross examination of defense witnesses to establish state of mind.<br><br>The SimpleTech Reoprt is a material fact. |
| 23. | On March 10, 11, 12, and 13, 2020 for over 30 hours, JS Held, Great Northern and Chubb representatives had complete access to the BC Property THAS for any and all inspections and testing they desired (the "JS Held March 2020 Inspection") Ex. 5 | While Great Northern lacks knowledge or information sufficient to form a belief as to the allegations in MSUMF No. 23, for purposes of this motion only these alleged facts may be considered undisputed except to the extent that any reference to "Chubb" is inappropriate. *See* Order (02/10/22) [Dkt. 162] at pp. 7-9. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even referenced in the argument section), MSUMF No. 23 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify *material* facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) | Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 23 is Undisputed.<br><br>Information provided by the Pavluk Declaration, Ex. 5, is permitted pursuant to Fed. R. Civ. P. 56.1(c) (4).<br><br>Mr. Pavluk and Mr. Krum will be called by Plaintiff at time of trial to testify about these material facts which will be admissible under Federal Rules of Evidence.<br><br>Since Great Northern and Chubb requested, appeared for, and solely conducted the March 10-13, 2020 THAS inspections it is inconceivable that Great Northern now states it "lacks knowledge or information sufficient to form a belief as to |

| | | | |
|---|---|---|---|
| | | (indicating voluminous exhibits are discouraged). The Pavluk declaration is also inadmissible hearsay that was not previously disclosed in this litigation prior to the close of discovery. As such, MSUMF No. 23 and the Pavluk declaration should be stricken. | the allegations in MSUMF No. 23.” |
| 24. | At the JS Held March 2020 THAS Inspection, JS Held, at the sole direction and on behalf of Chubb and Great Northern, took apart all of Plaintiff's Movie Theater equipment and components without ever once obtaining any manufacturers' approval and guidance.<br>Ex. 5 — Pavluk Declaration ¶ 28 | While Great Northern lacks knowledge or information sufficient to form a belief as to the allegations in MSUMF No. 24, for purposes of this motion only these alleged facts may be considered undisputed except to the extent that any reference to “Chubb” is inappropriate. *See* Order (02/10/22) [Dkt. 162] at pp. 7-9. Because none of these alleged facts are material to Plaintiff’s Amended Motion [Dkt. 252] (and were not even referenced in the argument section), MSUMF No. 24 violates this Court’s Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). The Pavluk declaration is also inadmissible hearsay | Pursuant to this Court’s Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) “Argument is not permitted”; therefore, GNIC’s OSUMF should be stricken and the record should reflect that MSUMF 23 is Undisputed.<br><br>Information provided by the Pavluk Declaration, Ex. 5, is permitted pursuant to Fed. R. Civ. P. 56.1(c) (4).<br><br>Mr. Pavluk and Mr. Krum will be called by Plaintiff at time of trial to testify about these material facts which will be admissible under Federal Rules of Evidence.<br><br>Since Great Northern and Chubb requested, appeared for, and solely conducted the March 10-13, 2020 THAS inspections it is inconceivable that Great Northern now states it “lacks knowledge or information sufficient to form a belief as to the allegations in MSUMF No. 24.” |

| | | | |
|---|---|---|---|
| | | that was not previously disclosed in this litigation prior to the close of discovery. As such, MSUMF No. 24 and the Pavluk declaration should be stricken. | |
| 25. | At no time during the JS Held March 2020 Inspection did JS Held ever once attempt to activate (turn on and run) the BC Property Movie Theater. Ex. 5 —Pavluk Declaration ¶29 | Undisputed. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even referenced in the argument section), MSUMF No. 25 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). The Pavluk declaration is also inadmissible hearsay that was not previously disclosed in this litigation prior to the close of discovery. As such, MSUMF No. 25 and the Pavluk declaration should be stricken. | Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 25 is Undisputed.<br><br>Information provided by the Pavluk Declaration, Ex. 5, is permitted pursuant to Fed. R. Civ. P. 56.1(c) (4).<br><br>Mr. Pavluk and Mr. Krum will be called by Plaintiff at time of trial to testify about these material facts which will be admissible under Federal Rules of Evidence.<br><br>Since Great Northern and Chubb requested, appeared for, and solely conducted the March 10-13, 2020 THAS inspections it is inconceivable that Great Northern now states it "lacks knowledge or information sufficient to form a belief as to the allegations in MSUMF No. 25." |
| 26. | On April 3, 2020 Chubb Adjuster Le, Chubb, and Great Northern were again advised that "Frankentek | Partially Disputed as Plaintiff has selectively quoted the April 3, 2020 email which speaks for | Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; |

| | | | |
|---|---|---|---|
| | and [Mr. Krum] are ready to immediately proceed with rebuilding [Mr. Krum's] Theatre." Ex. 12 and Ex. 5 —Paviuk Declaration at ¶ 30. | itself. *See* Dkt. 253-11. Since Great Northern issued the Policy, any reference to "Chubb" is inappropriate. *See* Order (02/10/22) [Dkt. 162] at pp. 7-9. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even referenced in the argument section), MSUMF No. 26 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). Plaintiff also did not properly authenticate Exhibit 12 which includes inadmissible hearsay. The Pavluk declaration is also inadmissible hearsay that was not previously disclosed in this litigation prior to the close of discovery. As such, MSUMF No. 26 and the Pavluk declaration should be stricken. | therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 26 is Undisputed.<br><br>Information provided by the Pavluk Declaration, Ex. 5, is permitted pursuant to Fed. R. Civ. P. 56.1(c) (4).<br><br>Mr. Pavluk and Mr. Krum will be called by Plaintiff at time of trial to testify about these material facts which will be admissible under Federal Rules of Evidence.<br><br>The GNIC statement that the quote from the April 3, 2020 Email has been "selectively quoted" is false. The MSUMF precisely quotes the statement from the Email. |
| 27. | On April 17, 2020 Plaintiff was advised by Chubb and Great Northern that the "loss assessment of the equipment to date" for the THAS is $39,039.22". Ex. | Partially Disputed as Plaintiff has selectively quoted the April 17, 2020 email which speaks for itself. *See* Dkt. 253-12. Since Great Northern | Ex. 13 was presented during the Depositions of Steven Magnotta, Tom Kirkpatrick, Steven Mortensen, Corey Everett, and Matthew Witcher. Not one of the deposition witnesses |

| | | | |
|---|---|---|---|
| | 13. | issued the Policy, any reference to "Chubb" is inappropriate. *See* Order (02/10/22) [Dkt. 162] at pp. 7-9. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even referenced in the argument section), MSUMF No. 27 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). Plaintiff also did not properly authenticate the document described in MSUMF No. 27 which is not even bates labeled and which includes inadmissible hearsay. As such MSUMF No. 27 should be stricken. | disputed that the email stated that the "loss assessment of the equipment to date" for the THAS is $39,039.22. Significantly, Mr. Magnotta in his deposition testimony on October 13, 2020, when shown the email document, stated that "It's our loss assessment of the equipment to date." Ex. 31, Steven Magnotta Deposition Testimony ("MDT'), October 15, 2021, page 128, line 18-page 129, line 4.<br><br>Nothing has been "selectively quoted" by Plaintiff.<br><br>Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 27 is Undisputed. |
| 28. | On April 24, 2020 Chubb and Great Northern stated to Plaintiff: "We believe it is best to obtain another expert opinion on the extent of damage to the THAS. We have engaged Dr. Hajjam to assist in determining the extent of damage to the Theatre and Home Automation Systems ("THAS"). Ex. 14 — | Partially Disputed as Plaintiff has selectively quoted the April 24, 2020 email which speaks for itself. *See* Dkt. 253-13. Since Great Northern issued the Policy, any reference to "Chubb" is inappropriate. *See* Order (02/10/22) [Dkt. 162] at pp. 7-9. Because none of these alleged facts are | The April 24, 2020 statement from the email by Steven Magnotta, the Claim Owner is stated correctly and is a material fact to establish Plaintiff's claim of bad faith for unreasonable delay in paying Plaintiff his THAS benefits under the Policy.<br><br>A close examination of the April 9, 2021 certified copy of the "Policy" provided to Plaintiff by |

| | | | |
|---|---|---|---|
| | Magnotta Email on April 24, 2020 (Chubb 003767). | material to Plaintiff's Amended Motion [Dkt. 252] (and were not even referenced in the argument section), MSUMF No. 28 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). Plaintiff also did not properly authenticate the document described in MSUMF No. 28 which includes inadmissible hearsay. As such MSUMF No. 28 should be stricken. | Chubb will clearly show: (1) Cover Page emblazoned with CHUBB logo at the top; (2) Policy pages (e.g. CHUBB_ 00001, 000002, etc. with copyright symbol, © Chubb.2016 on the lower lefthand corner of each page; and (3) the "Policy" document "authenticated" with CHUBB (**not** GNIC) Bates labels. Ex. 2, Policy.<br><br>Plaintiff testified at his deposition that at the time of the Insured Event, he believed he was insured by "Chubb" (Ex. 1, Deposition Testimony of Mark Krum, ("DTMK"), November 10, 2022, page 210, lines 10-16). Furthermore, "[I]n August of 2011, PRMS advised me that all my future insurance premiums must be paid directly by me to Chubb. From 2011 through 2020, I directly paid Chubb in excess of a hundred thousand dollars in insurance premiums. My credit card statements and my personal checks reflected that all premium payments were made to 'Chubb Insurance' or 'Chubb Group of Insurance Companies.'" (Ex. 1, DTMK, *November 11*, 2022, page 246, line 18-page 247, line 1.<br><br>Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 28 is |

| | | | |
|---|---|---|---|
| | | | Undisputed. |
| 29. | On April 28, 2020 Chubb and Great Northern's additional and new AV Expert Arash Hajjam, Ph.D., P.E., CFEI, acknowledged to Plaintiff and Tony Pierce of ServPro that it was "professionally inappropriate" for J.S. Held (at the J.S. Held March 2020 THAS Inspection, under the direction and instructions of Chubb and Great Northern) to remove the cover plates of any of Plaintiff's THAS (and expose the electronics) without first contacting the manufacturer(s) and second, doing so in a secure clean room environment, not on the unclean floor at Plaintiff's reconstruction and demolition site at the BC Property. Ex. 15<br><br>*See* April 29, 2020 Email correspondence and color photographs to Arash Hajjam, Ph.D., P.E., CFEI from Plaintiff attached as Ex. 15 and marked as Exhibit "W" to the Amended Complaint ECF Doc. 31. | Disputed. The exhibit Plaintiff proffers to support this allegation is an email written by himself in which he purportedly quotes a statement made by Dr. Hajjam. As such, it is inadmissible, double hearsay. Dr. Hajjam's report speaks for itself. *See* Hajjam Report [Dkt. 246-1]. Since Great Northern issued the Policy, any reference to "Chubb" is inappropriate. *See* Order (02/10/22) [Dkt. 162] at pp. 7-9. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even referenced in the argument section), MSUMF No. 29 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). Plaintiff also did not properly authenticate the document described in MSUMF No. 29 which includes inadmissible hearsay. As such MSUMF | Plaintiff will testify at trial that Dr. Hajjam made the statements set forth in Ex. 15. Such testimony is admissible pursuant to Fed. R. Evid. 801(d)(2). Ex. 15 will be admissible if Great Northern makes a claim of recent fabrication. It will not be offered for the truth of its contents. |

| | | | |
|---|---|---|---|
| | | No. 29 should be stricken. | |
| 30. | As of June 12, 2020 the only Chubb and Great Northern reports that were prepared regarding the BC Property THAS were: (i) JS Held Report of April 15, 2020; (ii) JS Held Report of April 26, 2020; (iii) JS Held Spreadsheet of April 2020; (iv) Envista Forensics Report of June 8, 2020; (v) Contents Consulting LLC Inventory ACV/Variance Report of June 10, 2020; and (vi) Constents Consulting Inventory ACV/Variance Report of June 10, 2020. Ex. 8 - TKDT page 177, line 2 to page 182 line 12; page 220, lines -8-15; page 234, line 20 to page 249, line 15. | Disputed as stated. Other reports also mention Plaintiff's THAS. *See*, *e.g.*, JS Held Report (1/23/20) [Dkt. 246]. Since Great Northern issued the Policy, any reference to "Chubb" is inappropriate. *See* Order (02/10/22) [Dkt. 162] at pp. 7-9. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even referenced in the argument section), MSUMF No. 30 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). As such MSUMF No. 30 should be stricken. | At the deposition of Tom Kirkpatrick, Mr. Kirkpatrick was provided with Deposition Exhibits representing the JS Held Report of April 15, 2020; the JS Held Report of April 26, 2020; the JS Held Spreadsheet of April 2020; the Envista Forensics Report of June 8, 2020; and the Contents Consulting LLC Reports of June 10, 2020. Mr. Kirkpatrick was asked by Mr. Krum: "Am I correct that that's the universe of documents that you relied upon in making your recommendation to Mr. Magnotta, based upon what you are telling me was the scope that someone told you was your scope to report on, that's the $128,165; there are no other documents out there?" Mr. Kirkpatrick responded, "Not from third parties." Ex. 8, TKDT, page 248, lines 10-21.<br><br>This again demonstrates that Chubb and Great Northern refuse to litigate in good faith. Great Northern can not identify any nor are there any other Great Northern and/or Chubb reports that were prepared regarding the BC Property THAS other than those set forth in MUSUMF 30.<br><br>This material fact alone (without even addressing all the other material false statements made by Chubb and Great Northern in its efforts to unreasonably delay THAS coverage benefits to |

| | | | |
|---|---|---|---|
| | | | Plaintiff) establishes the bad faith allegations alleged in Plaintiff's Amended Complaint. |
| 31. | "There were no additional documents" prepared by Chubb, Great Northern and its representatives regarding the BC Property THAS from June 12, 2020 until the Appraisal Award on May 13, 2021. Ex. 8 - TKDT at page 248, line 18 to page 249, line 15. | Disputed as stated. The referenced quotation is not found in the cited deposition testimony. *See* Dkt. 253-8 at 248:18-249:15. Plaintiff also mischaracterizes the deposition testimony to suggest there was no new information gathered from June 12, 2020, to May 13, 2021, when the deposition testimony expressly indicates otherwise. *See id.* Specifically, Mr. Kirkpatrick testified that they conducted independent research to establish replacement value and relied on input from Mr. Stern. *See id.* Since Great Northern issued the Policy, any reference to "Chubb" is inappropriate. *See* Order (02/10/22) [Dkt. 162] at pp. 7-9. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even referenced in the argument section), MSUMF No. 31 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. | During Mr. Kirkpatrick's deposition, Krum asked: "What additional documents did you rely upon, in addition to everything we just went through and this independent research that you did back in – before June 12, 2020, to issue or sign off on your award of $1,205,000 on May 13, 2021?" Answer (by Mr. Kirkpatrick): "No specific documents . . ." Ex. 8, TKDT, page 249, lines 8-13. |

| | | | |
|---|---|---|---|
| | | COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). As such MSUMF No. 31 should be stricken. | |
| 32. | On June 12, 2020 Chubb and Great Northern had assessed that the Plaintiff's THAS damage claim to be in the total amount of $128,165.00. Ex. 16. | Undisputed as it relates to Great Northern. Since Great Northern issued the Policy, any reference to "Chubb" is inappropriate. *See* Order (02/10/22) [Dkt. 162] at pp. 7-9. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even referenced in the argument section), MSUMF No. 32 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). As such MSUMF No. 32 should be stricken. | Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 32 is Undisputed. |
| 33. | On or about June 13, 2020 Krum spoke with Mr. Pavluk of Frankentek Residential Systems, LLC who concluded that in his opinion the JS Held, Contents Consultants' and Envista reports prepared on behalf of Chubb all failed to take into consideration the professional | Great Northern lacks knowledge or information sufficient to form a belief as to the allegations in MSUMF No. 33. Great Northern does admit that its consultants reached conclusions different that Mr. Pavluk. *See*, *e.g.*, JS Held Report (4/15/20) (Ex. C) [Plaintiff Depo | Information provided by the Pavluk Declaration, Ex. 5, is permitted pursuant to Fed. R. Civ. P. 56.1(c) (4).<br><br>Mr. Pavluk and Mr. Krum will be called by Plaintiff at time of trial to testify about these material facts which will be admissible under Federal Rules of Evidence. |

| | | | |
|---|---|---|---|
| | recommendations of the manufacturers and AV professionals who manufactured and installed the THAS. Ex. 5 —Pavluk Declaration at ¶34. | Ex. 25A]; JS Held Report (4/16/20) (Ex. D) [Plaintiff Dep Ex. 25B]; JS Held Spreadsheet (Ex. E) [Plaintiff Dep Ex. 25C]; Dr. Hajjam Report [Dkt. 246-1]; Kirkpatrick Report [Dkt. 245-19]. Since Great Northern issued the Policy, any reference to "Chubb" is inappropriate. *See* Order (02/10/22) [Dkt. 162] at pp. 7-9. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even referenced in the argument section), MSUMF No. 33 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). The Pavluk declaration is also inadmissible hearsay that was not previously disclosed in this litigation prior to the close of discovery. As such, MSUMF No. 33 and the Pavluk declaration should be stricken. | Chubb and Great Northern failed to take into consideration the professional recommendations of the manufacturers and AV professionals who manufactured and installed the THAS. |
| 34. | On June 17, 2020 Plaintiff sent Chubb and Great Northern his Notice | Partially disputed. Great Northern admits that Plaintiff provided it a | Great Northern has falsely represented that Plaintiff has not authenticated Ex. 18. |

| | | | |
|---|---|---|---|
| | Demanding Appraisals. Ex. 18.<br>*See* June 17, 2020 Email "Notice Demanding Appraisals" from Plaintiff to Chubb attached as Ex. 18 and marked as Exhibit "X" to the Amended Complaint at ECF Doc. 31. | notice demanding appraisal. *See* Dkt. 253-16 which is also attached as Exhibit "X" to the Amended Complaint [Dkt. 31-7]. Since Great Northern issued the Policy, any reference to "Chubb" is inappropriate. *See* Order (02/10/22) [Dkt. 162] at pp. 7-9. Plaintiff also did not properly authenticate the document described in MSUMF No. 34. | Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 34 is Undisputed. |
| 35. | Accordingly, Plaintiff invoked the Policy's appraisal provision, which states:<br><br>"If you or we fail to agree on the amount of loss, you or we may demand an appraisal of the loss. Each party will select an appraiser within 20 days after receiving written request from the other. The two appraisers will select a third appraiser. If they cannot agree on a third appraiser within 15 days, you or we may request that the selection be made by a judge of a court having jurisdiction. Written agreement signed by any two of the three appraisers shall set the amount of loss."<br>Ex. 2, Policy, p. 48 (*also* at ECF Doc. 58-1, Page l of 1). | Partially disputed as Plaintiff selectively quotes only part of the Policy's appraisal provision. *See* Ex. A at 48. Great Northern admits that the Policy's appraisal provision speaks for itself. *See id.* Great Northern further admits that Plaintiff invoked the appraisal provision. *See* Dkt. 253-16. | Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 35 is Undisputed. |

| | | | |
|---|---|---|---|
| 36. | The Plaintiff's Appraisal Demand selected Mr. Pavluk of Frankentek as his designated appraiser for his THAS Claims. Ex. 18. | Undisputed. Plaintiff did not properly authenticate the document described in MSUMF No. 36. | The document has been properly authenticated. Plaintiff wrote the document and it is maintained in the Chubb Claim File. |
| 37. | On July 1, Chubb and Great Northern designated Mr. Tom Kirkpatrick of Contents Consulting LLC ("Mr. Kirkpatrick") as their designated appraiser for Plaintiff's THAS Claims. Ex. 19 which is the July 1, 2020 Email from Plaintiff to the Chubb attached as Exhibit "Y" to the Amended Complaint at ECF Doc. 31. | Partially disputed. Great Northern admits that it selected Tom Kirkpatrick of Contents Consulting LLC as its designated appraiser. Since Great Northern issued the Policy, any reference to "Chubb" is inappropriate. *See* Order (02/10/22) [Dkt. 162] at pp. 7-9. | Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 37 is Undisputed. |
| 38. | On July 1, 2020 Mr. Krum advised Chubb and Great Northern that Mr. Pavluk, his designated appraiser, proposed three (3) neutral AV Home Entertainment firms and individuals to serve as the third THAS Appraiser: The July 1, 2020 Email stated in part:<br><br>Mr. Pavluk has advised me that he proposes the following three (3) neutral THAS firms to serve as the umpire:<br><br>HomeTronics<br>17819 Davenport Road, Suite 210<br>Dallas, TX 75252<br>(972) 490-1090 | Partially disputed. Great Northern admits that Plaintiff proposed the identified firms/individual to serve as the third appraiser with respect to his THAS Claim. *See* Dkt. 253-17. Great Northern further admits that the email correspondence speaks for itself. *See id.*<br><br>Since Great Northern issued the Policy, any reference to "Chubb" is inappropriate. *See* Order (02/10/22) [Dkt. 162] at pp. 7-9. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even referenced in the | Great Northern rejected the three neutral THAS experts presented by Mike Pavluk, Mr. Krum's designated appraiser, thus requiring Plaintiff to submit his Motion to the Court to select the Third Appraiser.<br><br>Mr. Pavluk and Mr. Krum will be called by Plaintiff at time of trial to testify about these material facts which will be admissible under Federal Rules of Evidence. Ex. 19 is also authenticated as Ex. Z in Doc 31.<br><br>Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 38 is |

| | | | |
|---|---|---|---|
| | Roberts Home Audio and Video 1611 South La Cienega Blvd. Los Angeles, CA 90035<br>(310) 276-3955<br><br>Mr. Daniel Stern<br>Aurum<br>3002 Walnut Street<br>Denver, CO 80205<br>(303) 558-9050<br><br>Please have Mr. Tom Kirkpatrick promptly contact Mr. Michael Pavluk (600-780-6434) so that they can timely attempt to agree on .. . (a disinterested and competent third THAS appraiser) to resolve our differences in accordance with the Policy.<br><br>Ex. 19 — Email Correspondence | argument section), MSUMF No. 38 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify *material* facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). Plaintiff also did not properly authenticate the document described in MSUMF No. 38 which is not even bates labeled and which includes inadmissible hearsay. As such MSUMF No. 38 should be stricken. | Undisputed. |
| 39. | On July 8, 2020 Mr. Kirkpatrick advised that he nominates "Craig Rice to be the Umpire. He is an electrical engineer who is the CEO and Principal Engineer of Golden Forensics, LLC, in Arvada, Colorado". Ex. 20 — Email Correspondence | Partially disputed as Plaintiff selectively quotes only part of the July 8, 2020 email. *See* Dkt. 253-18 at 49. Great Northern admits that the July 8, 2020 email speaks for itself. *See id.*<br><br>Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even referenced in the argument section), MSUMF No. 39 violates this Court's Practice | The July 8, 2020 email from Tom Kirkpatrick, GNIC and Chubb's designated appraiser to Mike Pavluk specifically stated "I nominate Craig Rice to be the Umpire. He is an electrical engineer who is the CEO and Principal Engineer of Golden Forensics, LLC in Arvada, Colorado." Ex.20.<br><br>Plaintiff quotes the pertinent part of the email which is a material fact to Plaintiff's Amended SJ Motion.<br><br>Mr. Craig Rice is an electrical |

| | | | |
|---|---|---|---|
| | | Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). Plaintiff also did not properly authenticate the document described in MSUMF No. 39 which includes inadmissible hearsay. As such MSUMF No. 39 should be stricken. | engineer and not a THAS expert. Ex. 32, the Curriculum Vitae of Craig Rice.<br><br>Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 38 is Undisputed. |
| 40. | While Chubb's designated Appraiser, Mr. Kirkpatrick, agreed at his deposition that "[t]he appraisal process consists of three parties: One nominated by the insured, one nominated by the insurer, and then an impartial third party is added to the board to become the three-member appraisal panel", he (Kirkpatrick) and Chubb and Great Northern never disclosed to Mr. Pavluk and Mr. Krum that prior to July 8, 2020, Chubb and its representatives had been in contact with Mr. Rice. Ex. 8— TKDT at page 26, line 15; Ex. 25 - Expert Rebuttal Report of Landow at fn. 28 at ECF Doc. 224-2; Ex. 5— Pavluk Declaration ¶ 45. | Partially disputed. Great Northern admits that Mr. Kirkpatrick testified as quoted in MSUMF No. 40. *See* Dkt. 253-8 at 26:15-19. Great Northern further admits that Mr. Kirkpatrick was its designated appraiser. *See*, *e.g.*, Dkt. 253-17. Since Great Northern issued the Policy, any reference to "Chubb" is inappropriate. *See* Order (02/10/22) [Dkt. 162] at pp. 7-9. Great Northern denies that it was in contact with Mr. Rice prior to July 8, 2020. *See* Kirkpatrick Depo attached as **Exhibit F** at 71:6-10; 145:22-146:1. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the argument section), MSUMF No. 40 violates | Information provided by the Pavluk Declaration, Ex. 5, is permitted pursuant to Fed. R. Civ. P. 56.1(c) (4).<br><br>Mr. Pavluk and Mr. Krum will be called by Plaintiff at time of trial to testify about these material facts which will be admissible under Federal Rules of Evidence.<br><br>Chubb and Great Northern's THAS consultant Dr. Hajjam had direct contact with Mr. Rice *prior* to Kirkpatrick nominating Rice as a Third THAS Appraiser. *See* Defendant GNIC's Ex. F at 145:22 – 146:14. |

| | | | |
|---|---|---|---|
| | | this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). Plaintiff also did not properly authenticate the documents described in MSUMF No. 40 which include inadmissible hearsay. The Pavluk declaration is also inadmissible hearsay that was not previously disclosed in this litigation prior to the close of discovery. As such, MSUMF No. 40 and the Pavluk declaration should be stricken. | |
| 41. | By email correspondence on August 20, 2020, Chubb rejected the three individuals Mr. Pavluk proposed as a neutral and competent Third Appraiser/Umpire. Ex. 5 — Pavluk Declaration ¶42. | Denied as stated. Since Great Northern issued the Policy, any reference to "Chubb" is inappropriate. *See* Order (02/10/22) [Dkt. 162] at pp. 7-9. Great Northern admits that it did not initially agree to the three appraisers/ umpires suggested by Plaintiff and that the Court had to resolve the issue. *See* Order [Dkt. 61]. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even | This material fact should be undisputed. Tom Kirkpatrick, GNIC/Chubb designated THAS Appraiser, specifically wrote in an email to Mike Pavluk (Plaintiff's designated THAS appraiser) that the three persons proposed by Mr. Pavluk were rejected. *See* Ex. 33, Contents Consulting, LLC_011654.<br><br>Information provided by the Pavluk Declaration, Ex. 5, is permitted pursuant to Fed. R. Civ. P. 56.1(c) (4).<br><br>Mr. Pavluk and Mr. Krum will be called by Plaintiff at time of |

| | | | |
|---|---|---|---|
| | | mentioned in the argument section), MSUMF No. 41 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify *<u>material</u>* facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). The Pavluk declaration is also inadmissible hearsay that was not previously disclosed in this litigation prior to the close of discovery. As such, MSUMF No. 41 and the Pavluk declaration should be stricken. | trial to testify about these material facts which will be admissible under Federal Rules of Evidence. |
| 42. | On September 29, 2020 Mr. Pavluk wrote Mr. Kirkpatrick again requesting that he (Kirkpatrick) provide him (Pavluk) with "any written reports [Kirkpatrick] authored and/or adopted on the Krum THAS." Ex. 5-Pavluk Declaration at ¶ 43. | While Great Northern lacks knowledge or information sufficient to form a belief as to the allegations in MSUMF No. 42, for purposes of this motion only these alleged facts may be considered undisputed. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the argument section), MSUMF No. 42 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify *<u>material</u>* | Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 42 is Undisputed.<br><br>Information provided by the Pavluk Declaration, Ex. 5, is permitted pursuant to Fed. R. Civ. P. 56.1(c)(4).<br><br>Mr. Pavluk and Mr. Krum will be called by Plaintiff at time of trial to testify about these material facts which will be admissible under Federal Rules of Evidence. |

| | | | |
|---|---|---|---|
| | | facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). The Pavluk declaration is also inadmissible hearsay that was not previously disclosed in this litigation prior to the close of discovery. As such, MSUMF No. 42 and the Pavluk declaration should be stricken. | *See* Ex. 35, Contents Consulting LLC, CC_11652. |
| 43. | On April 21, 2021 Hon. Raymond P. Moore, appointed Daniel Stern of Aurum as the Third Appraiser for the Appraisal Panel, stating in the Court's Order that "appointing someone with expertise is even more compelling under the provision in this Policy." Ex. 22 ECF Doc. 61 at pages 4, 2. | Partially disputed as Plaintiff has selectively quoted the Order which speaks for itself. *See* Dkt. 61. | The quotation from Doc 61, contains the statement specifically as written in MSUMF 43. |
| 44. | The Appraisal process in this matter was to determine the amount of loss and value (*i.e.* replacement cost) for Plaintiff's THAS. Plaintiff was claiming additional THAS damages of no less than $1,200,377.70. Ex 25<br><br>*See* Plaintiff's Amended Complaint (ECF Doc. 31) at ¶266. | Partially disputed as the appraisal process was not limited to Plaintiff's alleged THAS damages. *See*, *e.g.*, Dkt. 253-16. Great Northern admits the appraisal process at issue in this litigation included Plaintiff's THAS damages which he claimed are "no less than $1,200,377.70." *See id.*; *see also* Amended Complaint [Dkt. 31] at ¶266. | Subsequent to the Appraisal Demand of June 17, 2020, Plaintiff and Great Northern entered into a Limited Mutual Agreement dated November 3, 2020 in which the parties resolved the Claim except for claims for Extra Living Expense coverage, Fair Rental Value coverage, Krum's claim for damage to the Property's theater and home automation systems. Ex. 4, Limited Mutual Release. |
| 45. | On May 13, 2020 the three | Undisputed except Mr. | The Appraisal Provision of the |

| | | | |
|---|---|---|---|
| | member THAS Appraisal Panel issued the THAS Appraisal Award in the amount of $1,205,000.00. Ex. 21 — ECF Doc. 79. | Stern did not sign part of the appraisal award and Mr. Kirkpatrick did not sign part of the appraisal award. *See* Dkt. 253-19. | Masterpiece Policy states clearly that "Written agreement by any two of the three appraisers shall set the amount of the loss." Ex. 2, page 49. |
| 46. | The THAS Appraisal Award itself states that it is an "agreement as to the amount of the THAS Award." Ex. 41[sic], Ex. 21 | Undisputed except to the referenced exhibit number. The appraisal award is located at Dkt. 253-19. | |
| 47. | The THAS Appraisal Panel made the factual finding on how much damage occurred to the THAS from the Insured Event. Chubb cannot deny that claim other than for reasons such as a violation of policy conditions, fraud, lack of notice, failure to cooperate. Corporate 30b6 Designee, Corey Everett, in his Deposition Testimony made it clear that the SIU investigation found no evidence to support any wrongdoing on the part of Mr. Krum. Ex. 26 - Deposition Transcript of Corey Everett ("DTCE" at page 125, line 18 to page 127, line 6). | MSUMF No. 47 improperly includes legal conclusions rather than alleged undisputed facts. As detailed in Great Northern's Response to Plaintiff's Motion for Summary Judgment, Great Northern believes the appraisal award should be enforced and any breach of contract claim relating to the THAS damage be dismissed as Great Northern undeniably paid the appraisal award in full. *See* Dkt. 243 at pp. 10-12. Great Northern further admits that the cited deposition testimony of Mr. Everett speaks for itself. *See* Dkt. 253-24 at 125:18-127:6. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the argument section), MSUMF No. 47 violates this Court's Practice Standards (Civil) at | Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 47 is Undisputed. |

| | | | |
|---|---|---|---|
| | | Section IV.C.2(c)(2) (indicating the MSUMF should identify *material* facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). As such, it should be stricken. | |
| 48. | On May 17, 2021 the three member THAS Appraisal Panel issued the THAS Supplemental Appraisal Award. Ex. 23 — ECF Doc. 89. | Undisputed except to the extent that Mr. Stern did not sign the same. *See* Dkt. 253-21. | The Appraisal Provision of the Masterpiece Policy states clearly that "Written agreement by any two of the three appraisers shall set the amount of the loss." Ex. 2, page 49. |
| 49. | Mr. Krum's BC Property THAS damages as of "June 12, 2020 were the same for [his] theater and home automation system as they were on May 13, 2021, when [Mr. Kirkpatrick] issued the award ten months later." Ex. 8 KDT at page 214, lines 6-15. | While Great Northern lacks knowledge or information sufficient to form a belief as to the allegations in MSUMF No. 49, for purposes of this motion only these alleged facts may be considered undisputed. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the argument section), MSUMF No. 49 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify *material* facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) | The information contained in Mr. Kirkpatrick's deposition testimony is a material fact. Ex. 8. Mr. Krum asks Mr. Kirkpatrick: "My damages on June 12, 2020 were the same for my theater and home automation system as they were on May 13, 2021, when you issued the award ten months later. You have to agree with that, right?" Mr. Kirkpatrick replied, "Yes." Question: "Whatever my damages were on June 12, 2020, they're the exact same damages, whatever they were, that you were considering on May 3[sic] May 13, 2021." Answer: "They were the same damage." Ex. 8, TKDT at page 214, lines 6-15. Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; |

| | | | |
|---|---|---|---|
| | | (indicating voluminous exhibits are discouraged). As such, it should be stricken. | therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 49 is Undisputed. |
| 50. | Mr. Kirkpatrick testified that he agreed that "what [he] awarded on May 13, 2020 Mr. Krum was "clearly, unequivocally entitled" to on "June 12, 2020".<br><br>Ex. 8 - KDT at page 218, line 9 to page 220, line 15. | Denied as stated. *See* Dkt. 253-8 at 218:9-18. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the argument section), MSUMF No. 50 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify ***material*** facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). As such, it should be stricken. | It is a material fact that what was awarded to Plaintiff on May 13, 2021 was the amount he was entitled to per the Policy on June 12, 2020 and the Appraisal Demand on June 17, 2020. Ex. 18. At Mr. Kirkpatrick's deposition testimony on November 18, 2021, he (Mr. Kirkpatrick) responded, "I agree when asked by Mr. Krum that what Mr. Krum was awarded on May 13, 2021 was what Mr. Krum was"clearly unequivocally entitled" on June 12,. Ex. 8, TKDT, page 218, lines 9-14.<br><br>Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 50 is Undisputed. |
| 51. | Mr. Kirkpatrick testified that he thought Mr. Stern "was a person of character" and integrity and further "believe[d] Mr. Stern was an honorable person, trying to find an equitable resolution, and it was clear to [Kirkpatrick] that's exactly what he wanted." Ex. 8 TKDT at page 58, lines 14-2 land page 215, lines 12-5. | Partially disputed as Plaintiff selectively quotes the cited deposition testimony which speaks for itself. *See* Dkt. 253-8 at 58:14-21, 251:12-216:5. Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the argument section), | This is material to Plaintiff's SJ Motion and support's the THAS Appraisal Awards.<br><br>Pursuant to this Court's Practice Standards (Civil Actions) at Section IV (c)(2)(g)(1) "Argument is not permitted"; therefore, GNIC's OSUMF should be stricken and the record should reflect that MSUMF 51 is Undisputed. |

| | | | |
|---|---|---|---|
| | | MSUMF No. 51 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify _*material*_ facts claimed to be undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). As such, it should be stricken. | |
| 52. | Plaintiff requested this Court to appoint a Third Appraiser that would be impartial, without bias, and who would disclose to this Honorable Court and the parties any and all known facts that a reasonable person would consider likely to affect the impartiality of the Third Appraiser. Plaintiff has alleged, and intends to prove at trial, that Defendant Great Northern, however, continued to oppose Plaintiff's efforts to have the Court promptly appointment a Third Appraiser to resolve the parties dispute pursuant to the Chubb and Great Northern insurance policy. Plaintiff had also requested that the Third Appraiser to be appointed by this Honorable Court be competent and have sufficient skill, background, knowledge | Partially disputed as Great Northern lacks knowledge or information sufficient to form a belief as to Plaintiff's intentions. Great Northern admits that Plaintiff filed a motion asking the court to appoint a third appraiser and that such motion speaks for itself. *See* Dkt. 56. Great Northern further admits that its response and Plaintiff's reply likewise speak for themselves. *See* Dkt. 58, 60.<br>Because none of these alleged facts are material to Plaintiff's Amended Motion [Dkt. 252] (and were not even mentioned in the argument section), MSUMF No. 52 violates this Court's Practice Standards (Civil) at Section IV.C.2(c)(2) (indicating the MSUMF should identify _*material*_ facts claimed to be | Plaintiff's request to the Court to appoint a Third Appraiser clearly demonstrated his intentions. Doc 56. After months of unreasonable delay and disputes over the value of the damages to the THAS, Plaintiff had to demand an Appraisal. Ex. 18, KRUM_000234. Chubb/Great Northern then rejected the three individuals for the third member of the Appraisal Panel who were proposed by Mr. Mike Pavluk, Plaintiff's designated THAS appraiser. Ex. 33, Contents Consulting, LLC_11654.<br><br>These are important, material facts that demonstrate and substantiate the continued and unreasonable delay by Chubb/Great Northern to promptly and reasonably pay the amount due to Plaintiff for the damage to his THAS. |

| | | | |
|---|---|---|---|
| | and experience relevant to the technical factors involved in this dispute to determine the value and cost of development, operation, engineering, and installation of a world class residential movie theatre system and Luxury Home Automation Systems. Plaintiff submitted to this Court that all three of Plaintiff's proposed third appraisers were and are highly skilled THAS experts. See Doc. 31 at ¶375. Defendant Great Northern objects to all three of Plaintiff's proposed third appraisers. See ECF Doc. 56 (Plaintiff's Motion for the Court to Appoint a Third Appraiser) and ECF Doc. 60 (Plaintiff's Reply to Defendant Great Northern's Response for the Court to Appoint a Third Appraiser). ECF Doc. 61 at 4. | undisputed) and D.C. COLO. LCivR 56.1(c) (indicating voluminous exhibits are discouraged). As such, it should be stricken. | |
| 53. | Chubb and Great Northern's THAS Appraiser Mr. Kirkpatrick testified that the THAS Appraisal Award was properly awarded for the damage caused to the BC Property THAS by the Insured Event. Ex. 8 — TKDT at page 176, line 2 to line 13. | Partially disputed as Plaintiff summarizes the cited deposition testimony which speaks for itself. *See* Dkt. 253-8 at 176:2-13. | |
| 54. | Mr. Kirkpatrick also testified that he awarded Mr. Krum "1,205,000.00 | Partially disputed as Plaintiff selectively quotes the cited deposition | Mr. Kirkpatrick's deposition testimony is correct; it is not selectively quoted by Plaintiff. |

| | | | |
|---|---|---|---|
| | for damage to the [BC Property] theater and home automation system. Ex. 8 — TKDT at page 210, lines 11-17. | testimony which speaks for itself. *See* Dkt. 253-8 at 210:11-17. | Ex. 8, TKDT at page 210, lines 11-17; Ex. 21. |