**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **MARK JAY KRUM**<br>**Plaintiff,**<br>**v.**<br><br>**CHUBB LIMITED;**<br><br>**AND**<br><br>**GREAT NORTHERN INSURANCE COMPANY;**<br><br>**AND**<br><br>**CELIA SANTANA;**<br><br>**AND**<br><br>**DALE KRUPOWICZ;**<br><br>**AND**<br><br>**PERSONAL RISK MANAGEMENT SOLUTIONS, LLC,**<br><br>**Defendants.** | **CASE NO.: 1:20-cv-03616-RM-GPG**<br><br>**PLAINTIFF'S REPLY OPPOSITION <u>EXHIBITS</u> IN SUPPORT OF HIS MOTION FOR PARTIAL SJ** |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS AMENDED MOTION FOR PARITAL SUMMARY JUDGMENT AGAINST DEFENDANT GREAT NORTHERN INSURANCE COMPANY REGARDING THE AMOUNT AND CAUSE OF THE THAS LOSS**

# REPLY EXHIBIT NO. 28

JS|HELD

8000 East Maplewood Avenue
Suite 125
Greenwood Village, Colorado 80111

# PRELIMINARY STATUS REPORT

| | |
|---|---|
| **TO:** | Mr. Mark Jay Krum |
| **CC:** | Mr. Tommy Le, Chubb Group of Insurance |
| | MR. Brian Beatty, J.S. Held LLC |
| | Mr. Eloy Cisneros, J.S. Held LLC |
| **FROM:** | Mr. Andrew Fredericks |
| **SUBJECT:** | Mark Jay Krum Residence – Preliminary Evaluation |
| **DATE:** | 12/30/2019 |

In response to a reported fire sprinkler break and ensuing water loss damage, J.S Held dispatched Industrial Hygienist Andrew Fredericks to the residence located at 373 Strawberry Park in Avon, Colorado on December 27th, 2019. The damage was a result of an uncontrolled release of a combined solution of water and glycerin from a single fire sprinkler head located at the second level near the main entry. The objective of this inspection was to gather evidence of this event and conduct a non-destructive assessment of the suspected areas of the residence. In advance of the initial report, this document has been drafted to convey our preliminary opinions and suggest an initial course of action.

The fire-retardant chemical within the sprinkler line was positively identified as *48% Glycerin Fire Suppression Premix*. This was confirmed through documentation as well as an on-site interview with an employee from Western States Fire Protection. This glycerin-water mixture produced a characteristic residue which was used to identify areas of the house which had been subjected to water exposure from the sprinkler head release. A causation of the sprinkler head has not been completed as of the date of this report.

Along with a visual assessment, J.S Held conducted a preliminary moisture survey of the known affected areas via infrared imaging and contact moisture meter. Using the visual assessment and moisture survey, the following area and materials have been impacted by the water release from the sprinkler head:

- First Floor:
  - Hardwood Floors; kitchen, sitting room, dining room, living room, foyer, den, hallway (connecting theater room and den)
  - Plaster Walls; kitchen, living room, hallway, dining room, sitting room, entry, entry powder room, closet
  - Wood Columns; living room and kitchen
  - Chandelier; located proximal to primary origin
  - Fabric Walls; theater room and hallway (connecting theater room and den)

  - Wood Panel Walls; den
  - Stone Floors; entry, entry commode, hallway commode, coat closet
- Lower Level
  - Due to the design of the house and the point of origin, numerous areas of the subgrade were identified as being subjected to water damage, including; ceilings, wall and ceiling cavities, hardwood floors, fabric walls, carpeted flooring, and plaster walls
- Second Floor
  - Hardwood Floors; found on open walkway, bookshelf area directly beneath point of origin
  - Plaster Walls; in the study adjacent to the point of origin
  - Inside Owner's suit at the floor and base of walls

This is a preliminary report and there are additional areas and suspected impacts to building materials not described above.

Due to the non-destructive nature of this investigation, the only searchable wall cavity was the small crawlspace adjoining the subgrade game room. There were visible drip marks on the cement as well as characteristic visible brown staining from the sprinkler-water mixture. The wooden joists within the crawlspace were moist to the touch. Areas of visible moisture were still dripping from light fixtures and ceiling elements at the first floor and lower level.

Upon evaluation of staining and drip marks, it appears that water from the sprinkler head was able to infiltrate the first-floor sub-floor and traveled along certain electrical and HVAC conduits before being deposited in the subgrade areas.

It is our recommendation that professional remediation activities should commence immediately. It is likely that materials within the wall, floor, and ceiling cavities of the subject areas are holding moisture. If left in place without removal or drying, these pockets of moisture could potentially support microbial growth over time.

Flood cuts should be made to plaster walls and ceilings of the areas described above. The carpeting and pad in the subgrade bedrooms and home theater should be removed. The void spaces and cavities within the subject areas should be evaluated as soon as access allows. Professional drying should be initiated and containment barriers established to prevent transition of air between affected and unaffected spaces.

This is a preliminary report and is to provide initial observation and recommendations to date. J.S Held is in the process of developing a full scope for this project.