**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **MARK JAY KRUM**<br>**Plaintiff,**<br>**v.**<br><br>**CHUBB LIMITED;**<br><br>**AND**<br><br>**GREAT NORTHERN INSURANCE COMPANY;**<br><br>**AND**<br><br>**CELIA SANTANA;**<br><br>**AND**<br><br>**DALE KRUPOWICZ;**<br><br>**AND**<br><br>**PERSONAL RISK MANAGEMENT SOLUTIONS, LLC,**<br><br>**Defendants.** | **CASE NO.: 1:20-cv-03616-RM-GPG**<br><br>**PLAINTIFF'S REPLY OPPOSITION <u>EXHIBITS</u> IN SUPPORT OF HIS MOTION FOR PARTIAL SJ** |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS AMENDED MOTION FOR PARITAL SUMMARY JUDGMENT AGAINST DEFENDANT GREAT NORTHERN INSURANCE COMPANY REGARDING THE AMOUNT AND CAUSE OF THE THAS LOSS**

# REPLY EXHIBIT NO. 31

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| MARK JAY KRUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NUMBER |
| v. | ) | 1:20-CV-03616-RM-GPG |
| | ) | |
| CHUBB LIMITED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

VIDEOTAPED DEPOSITION
OF
STEVEN J. MAGNOTTA

October 15, 2021
9:59 a.m.

Victoria L. Root, Certified Court Reporter, B-1691

APPEARANCES OF COUNSEL

On behalf of Plaintiff, Pro Se:
MARK JAY KRUM, Esquire
500 East 83rd Street, Suite 8K
New York, New York 10028
(212) 371-2300
MarkJayKrum@aol.com

On behalf of Chubb Group Holdings, Inc.; Chubb INA Holdings, Inc,; Federal Insurance Company; Great Northern Insurance Company; Steve W. Mortensen; Matthew Witcher; and Steven J. Magnotta:
AMY M. SAMBERG, Esquire
Clyde & Co.
999 18th Street, Suite 1765N
Denver, Colorado 80202
(303) 301-8950
Amy.Samberg@clydeco.us

On behalf of Celia Santana and Dale Krupowicz (Appearing via Zoom Videoconferencing):

PAUL W. JORDAN, Esquire
Gordon Rees Scully Mansukhani, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
(303) 534-5160
pwjordan@grsm.com

Videographer:

STAN TAM
Take One Productions
2981 Surrey Road, N.W.
Thomson, Georgia 30824
(706) 595-5086

Also Present: Priscilla Dye





INDEX TO EXAMINATIONS


| Examination | Page |
|---|---|
| By Mr. Krum | 8 |


\- - -

INDEX TO EXHIBITS


| EXHIBIT NUMBER | PAGE MARKED |
|---|---|
| P-1 | 6 |
| P-2 | 6 |
| P-2A | 6 |
| P-2B | 6 |
| P-2C | 6 |
| P-2D | 6 |
| P-2E | 6 |
| P-2F | 6 |
| P-2G | 6 |
| P-2H | 6 |
| P-2I | 6 |
| P-2J | 6 |
| P-2K | 6 |
| P-2L | 6 |
| P-2M | 6 |
| P-2N | 6 |
| P-2O | 6 |
| P-2P | 6 |
| P-2Q | 6 |
| P-2R | 6 |
| P-2S | 6 |
| P-2T | 6 |
| P-2U | 6 |
| P-2V | 6 |
| P-2W | 6 |


INDEX TO EXHIBITS (Continued)






| EXHIBIT NUMBER | PAGE MARKED |
|---|---|
| P-2X | 6 |
| P-4 | 6 |
| P-6 | 6 |
| P-10 | 6 |
| P-21 | 169 |
| P-24 | 127 |
| P-24A | 154 |
| P-24B | 155 |
| P-24C | 155 |
| P-25 | 159 |
| P-25A | 164 |
| P-25B | 164 |
| P-25C | 164 |
| P-26 | 166 |
| P-28 | 176 |
| P-30 | 189 |
| P-31 | 131 |
| P-32A | 136 |
| P-32A-1 | 143 |
| P-32A-2 | 143 |
| P-32A-3 | 143 |
| P-32A-4 | 143 |
| P-32A-5 | 143 |
| P-32B | 136 |
| P-32B-1 | 149 |
| P-32B-2 | 149 |
| P-32B-3 | 149 |
| P-32B-4 | 149 |
| P-32B-5 | 149 |
| P-32B-6 | 149 |
| P-32B-7 | 149 |
| P-32B-8 | 150 |
| P-32B-9 | 150 |
| P-42 | 233 |
| P-55 | 222 |
| P-58 | 318 |
| P-59 | 323 |
| P-62 | 325 |
| P-63 | 328 |
| P-64 | 331 |
| P-65 | 331 |
| P-66 | 331 |
| P-70A | 202 |
| P-70B | 204 |
| P-70C | 206 |


INDEX TO EXHIBITS (Continued)

EXHIBIT NUMBER PAGE MARKED






| | |
|---|---|
| P-70D | 206 |
| P-71A | 211 |
| P-72 | 237 |
| P-80 | 276 |
| P-81 | 277 |
| P-83 | 281 |
| P-89 | 283 |
| P-92 | 289 |
| P-94 | 290 |
| P-95 | 303 |
| P-97 | 305 |
| P-101 | 306 |
| P-105 | 309 |
| P-150 | 295 |
| P-151 | 295 |
| P-152 | 316 |
| P-153 | 317 |

Do you agree with that?
MS. SAMBERG: Form and foundation.
A. I think that's a hypothetical question. It didn't -- it certainly didn't happen here. That was the assessment of damage -- the partial assessment of damage at that point in time.
Q. (By Mr. Krum) Okay. Well, on June 12th, 2020, you -- you, as the claim owner, increased the 39,000 to $128,165; correct?
A. We increased the THAS assessment to 128,000 -- let's use that round number -- based on the Envista inspection and the contents -- Tom Kirkpatrick's evaluation.
Q. So what I hear you telling me, sir, is between April 17th, 2020, when Steve Magnotta assessed the THAS loss of 39,000 and April -- and June 12th, 2020, when Steve Magnotta then assessed the THAS loss at $128,165, something occurred between those two points in time that made you, as the claim owner, say we owe Mr. Krum no money?
A. Something did occur between those two points in time.
Q. And that's the Envista report is what you're telling me?
A. That is the result of the three inspections





that Envista made. And based on their damage assessment, Tom Kirkpatrick, a contents consultant, priced it out, and 128- was our current loss assessment at that time even though I continued to have dialogue on the THAS as well.
Q. Well, not just dialogue; serious disagreement.
A. Right. There was definitely serious disagreement, as you put it, from our current evaluation and the claimed amount.
MR. KRUM: We're going to break for lunch now. Thank you very much.
THE VIDEOGRAPHER: Off the record at 12:48.
(A recess was taken from 12:48 p.m. to 1:57 p.m.)
THE VIDEOGRAPHER: We're back on the record at 1:57.
BY MR. KRUM:
Q. Mr. Magnotta, when we left off at the -- at the break -- we were talking about the $39,093.22 loss assessment as of April 17, 2020, at the break.
You recall that; right?
A. I recall that number, yes.
(Plaintiff's Exhibit Number 24 was marked for identification.)





Q. (By Mr. Krum) And I'm going to hand you what we've marked as Exhibit 24. Here's a copy for your lawyer.
And that is an email that you wrote me -- am I correct? -- on April 17th, 2020, telling me that you, as the claim owner, on behalf of Great Northern Insurance Company, were agreeing that, as of April 17th, the loss on my THAS was $39,093.22?
A. That was -- our current partial assessment of the THAS was 39,093.22 based on the J.S. Held -- the findings --
Q. Okay.
A. -- to date -- to date.
Q. Where does it say partial loss? You just -- you used the word "partial loss."
It doesn't say that in your email, though; right?
A. There's no reference to partial loss. It's our loss assessment of the equipment to date.
Q. Right. That's all the email --
A. To date.
Q. Right. That's what the -- that's what the email tells me, Mark Krum, the insured. Chubb's giving me $39,093.22 as their loss calculation to date on the THAS.





Do you agree with that?
A. That's what it says.
Q. Okay. And you drafted that email; right?
A. I drafted the e-mail, correct.
Q. All right.
MR. JORDAN: Excuse me, Mr. Krum.
Does that have a Bates number on it?
MS. SAMBERG: No. I was just going to note for the record that the document is not Bates-coded.
So can we do something to try to identify this specifically for the record so --
MR. KRUM: No.
MS. SAMBERG: -- it can be located?
MR. KRUM: You'll -- you'll have to do that. It's Exhibit 24 in this deposition.
MS. SAMBERG: Right. But -- but the folks on the phone don't have access to what it is you're showing the witness.
MR. KRUM: The folks on the phone were told 2 or 3 days ago that they needed to contact me to talk about that. They never got ahold of me, and I said take care of it with the court reporting company.
I don't know what Mr. Palmeri did or

THE VIDEOGRAPHER: This concludes --

MR. JORDAN: No further questions.

THE VIDEOGRAPHER: This concludes the deposition of Steven Magnotta. We are off the record at 7:37.

(Deposition concluded at 7:37 p.m.)

(Pursuant to Rule 30(e) of the Federal Rules of Civil Procedure and/or O.C.G.A. 9-11-30(e), signature of the witness has been reserved.)





CERTIFICATE OF COURT REPORTER

STATE OF GEORGIA:
COUNTY OF EFFINGHAM:

I hereby certify that the foregoing transcript was reported as stated in the caption and that the questions and answers thereto were reduced to writing by me; that the foregoing 346 pages represent a true, correct, and complete transcript of the evidence given on October 15, 2021, by the witness, STEVEN J. MAGNOTTA, who was first duly sworn by me.

I certify that I am not disqualified for a relationship of interest under O.C.G.A. 9-11-28(c); that I am a Georgia certified court reporter here as a representative of Gilbert & Jones, Inc.; that I will not be taking these proceedings under any contract that is prohibited by O.C.G.A. 15-14-37(a) and (b) or Article 7.C. of the Rules and Regulations of the Board.

By the attached disclosure form, I confirm that neither I nor Gilbert & Jones, Inc., are a party to a contract prohibited by O.C.G.A. 15-14-37(a) and (b) or Article 7.C. of the Rules and Regulations of the Board.

WITNESS MY HAND AND SEAL this 12th day of November, 2021.

______________________________
VICTORIA L. ROOT, CCR
B-1691

DISCLOSURE OF NO CONTRACT





Pursuant to Article 10.B. of the Rules and Regulations of the Board of Court Reporting of the Judicial Council of Georgia, I make the following disclosure:

I am a Georgia Certified Court Reporter. I am here as a representative of Gilbert and Jones, Inc.

I am not disqualified for a relationship of interest under the provisions of O.C.G.A. '9-11-28 (c).

Gilbert and Jones, Inc., was contacted to provide court reporting services for this deposition.

Gilbert and Jones, Inc., will not be taking this deposition under any contract that is prohibited by O.C.G.A. '15-14-37 (a) and (b).

Gilbert and Jones, Inc., has no exclusive contract to provide reporting services with any party to the case, any counsel in the case, or any reporter or reporting agency from whom a referral might have been made to cover this deposition.

Gilbert and Jones, Inc., will charge its usual and customary rates to all parties in the case, and a financial discount will not be given to any party to this litigation.

WITNESS MY HAND AND SEAL this 12th day of November, 2021.

______________________________
VICTORIA L. ROOT, CCR
B-1691

DISCLOSURE OF NO CONTRACT





I, Debbie Gilbert, do hereby disclose pursuant to Article 10.B. of the Rules and Regulations of the Board of Court Reporting of the Judicial Council of Georgia that Gilbert & Jones, Inc., was contacted to provide court reporting services for these proceedings and there is no contract that is prohibited by O.C.G.A. 15-14-37(a) and (b) or Article 7.C. of the Rules and Regulations of the Board for the taking of these proceedings.

There is no contract to provide reporting services between Gilbert & Jones, Inc., or any person with whom Gilbert & Jones, Inc., has a principal and agency relationship nor any attorney at law in this action, party to this action, party having a financial interest in this action, or agent for an attorney at law in this action, party to this action, or party having a financial interest in this action. Any and all financial arrangements beyond our usual and customary rates have been disclosed and offered to all parties.

This, the 12th day of November, 2021.

______________________________
Debbie Gilbert
FIRM REPRESENTATIVE
Gilbert & Jones, Inc.