**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **MARK JAY KRUM**<br>**Plaintiff,**<br>**v.**<br><br>**CHUBB LIMITED;**<br><br>**AND**<br><br>**GREAT NORTHERN INSURANCE COMPANY;**<br><br>**AND**<br><br>**CELIA SANTANA;**<br><br>**AND**<br><br>**DALE KRUPOWICZ;**<br><br>**AND**<br><br>**PERSONAL RISK MANAGEMENT SOLUTIONS, LLC,**<br><br>**Defendants.** | **CASE NO.: 1:20-cv-03616-RM-NRN**<br><br>**PLAINTIFF'S RESPONSE AND OPPOSITION EXHIBITS TO DEFENDANT GNIC's MOTION FOR SJ** |

**PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT GREAT NORTHERN INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

**OPPOSITION EXHIBIT NO. 45**
**LIMITED MUTUAL RELEASE**

## LIMITED MUTUAL RELEASE

This Limited Mutual Release is by and between MARK JAY KRUM ("KRUM") and GREAT NORTHERN INSURANCE COMPANY, an affiliate of the Chubb Group (the "INSURER"). KRUM and the INSURER are individually referred to herein as a "Party" and collectively as the "Parties."

### RECITALS

1. KRUM is insured under a Masterpiece Deluxe Homeowner's Policy issued by the Insurer bearing policy number 13787210-02, and subject to the terms, conditions, exclusions and endorsements contained within the policy in effect from August 15, 2019 through August 15, 2020 (the "Policy").

2. The Policy insures the residence at 373 Strawberry Park Road, Avon, CO 81620 (the "Property").

3. The Property sustained damage on December 24, 2019, resulting from the failure of a fire suppression sprinkler head inside the Property (the "Insured Event").

4. KRUM submitted an insurance claim to the INSURER seeking coverage pursuant to the terms, conditions, exclusions and endorsements of the Policy for damages sustained as a result of the Insured Event (the "Claim").

5. The Parties have agreed and resolved the Claim, except for KRUM's claims for Extra Living Expense coverage, Fair Rental Value coverage, KRUM's claim for damage to the Property's theatre and home automation systems, and reimbursement for installation of the water leak detection and control system, as limited by the "Water Detection expense" coverage in the Policy, all related to or arising from the Insured Event (the "Resolved Claim").

6. KRUM acknowledges and agrees that the INSURER has previously paid KRUM Three Million Six Hundred Eighty Thousand One Hundred Twenty Six United States Dollars and



ΔΠ EXHIBIT 1039
Deponent Krum
Date 11/11/22 Rptr.
WWW.DEPOBOOKPRODUCTS.COM

Five United States Cents ($3,680,126.05) in connection with the Insured Event and the Claim under the Policy.

7. KRUM has agreed to accept an additional payment in the amount of Three Hundred Fifty-Four Thousand, Six Hundred Twenty United States Dollars and Forty-Seven United States Cents ($354,620.47) (the "Additional Payment") in exchange for this Limited Mutual Release of the INSURER'S liability in connection with the Resolved Claim. The Parties acknowledge and agree that this Limited Mutual Release does not include, and KRUM reserves, his claims for Extra Living Expense coverage, Fair Rental Value coverage, KRUM's claim for damage to the Property's theatre and home automation systems, and reimbursement for installation of the water leak detection and control system, as limited by the "Water Detection expense" coverage in the Policy, all related to or arising from the Insured Event.

8. After the INSURER makes the Additional Payment, the INSURER will have paid KRUM a total of Four Million, Thirty-Four Thousand, Seven Hundred Forty-Six United States Dollars and Fifty-Two United States Cents ($4,034,746.52) for the Resolved Claim and Insured Event.

KRUM has agreed to a total additional payment for the Resolved Claim in the sum of Three Hundred Fifty-Four Thousand, Six Hundred Twenty United States Dollars and Forty-Seven United States Cents ($354,620.47) in exchange for a Limited Mutual Release of liability of the INSURER by KRUM with respect to the Resolved Claim. KRUM acknowledges and agrees that the Additional Payment constitutes full and complete payment in exchange for this Limited Mutual Release of liability of the Parties solely with respect to the Resolved Claim. The Parties also acknowledge and agree that this Limited Mutual Release does not include, and KRUM reserves, his claims for Extra Living Expense coverage, Fair Rental Value coverage, KRUM's claim for damage to the Property's theatre and home automation systems, and reimbursement for installation of the





CONFIDENTIAL

water leak detection and control system, as limited by the "Water Detection expense" coverage in the Policy, all related to or arising from the Insured Event (the "Unresolved Claims").

## LIMITED MUTUAL RELEASE

Therefore, in consideration of the promises exchanged pursuant to the terms of this Limited Mutual Release, and for other good and valuable consideration, the sufficiency of which the Parties acknowledge, the Parties agrees as follows:

1. **Payment.** The Additional Payment to KRUM, in the amount of Three Hundred Fifty-Four Thousand, Six Hundred Twenty United States Dollars and Forty-Seven United States Cents ($354,620.47), will be the full and final payment by the INSURER with regard to the Resolved Claim. The INSURER will have seven (7) days from the date of the execution of this Limited Mutual Release to issue the Additional Payment to KRUM. The Additional Payment will be made as follows:

(i) Check, payable to "Mark Jay Krum and Select Portfolio Servicing, Inc., Its Successors and/or Assigns," in the amount of ($267,413.43), and sent overnight delivery to:

373 Strawberry Park Road
Avon, CO 81620

and

(ii) EFT payment to "Mark Jay Krum" in the amount of ($87,207.04).

No promise has been made by the INSURER to pay any further or other consideration for this Limited Mutual Release and KRUM reserves, his claims for Extra Living Expense coverage, Fair Rental Value coverage, KRUM's claim for damage to the Property's theatre and home automation systems, and reimbursement for installation of the water leak detection and control system, as limited by the "Water Detection expense" coverage in the Policy, all related to or arising from the Insured Event.

2. **Limited Mutual Release.** KRUM, including any and all of his spouses, heirs, executors, administrators, predecessors, successors, affiliates, associated companies, assigns, trustees, beneficiaries, attorneys, public adjusters, and agents, release and forever discharge the INSURER, including any and all of the INSURER's subsidiary and parent companies, business units or divisions, and all of their predecessors, successors, assigns, affiliates, associated companies or ventures, together with their respective stockholders, officers, directors, principals, partners, employees, agents, experts, adjusters, attorneys, accountants, investigators, indemnitors, reinsurers, retrocessionaires, and any other of their representatives, from and on account of any and all claims or demands of any nature whatsoever, whether in law, in equity, or otherwise, whether based on tort, contract, or any other theory of recovery, and whether for general, special, compensatory, consequential, punitive, or any other damages, whether or not presently known or suspected, arisen, now arising, or which may hereafter arise with respect to the Resolved Claim. The Parties acknowledge and agree that this Limited Mutual Release does not include the Unresolved Claims, and KRUM reserves, his claims for Extra Living Expense coverage, Fair Rental Value coverage, KRUM's claim for damage to the theatre and home automation systems, and reimbursement for installation of the water leak detection and control system, as limited by the "Water Detection expense" coverage in the Policy, all related to or arising from the Insured Event. This Limited Mutual Release does not prevent KRUM from exercising his legal rights against INSURER and/or any other third-parties, entities and/or individuals to assert the Unresolved Claims in law, in equity, or otherwise, whether based on tort, contract, or any other theory of recovery, and whether for general, special, compensatory, consequential, punitive, or any other damages, whether or not presently known or suspected, arisen, now arising, or which may hereafter arise with respect to the Unresolved Claims. By signing this Limited Mutual Release, KRUM agrees that the foregoing Limited Mutual Release





CONFIDENTIAL

language extinguishes any and all duties or obligations that the INSURER may have under the Policy or at law, equity, or otherwise to, or on behalf of, KRUM for any and all loss or claims arising from the Resolved Claim, including, but not limited to, claims for extra contractual damages, bad faith, statutory or regulatory violations, misrepresentation, breach of fiduciary duties, loss or diminution of value, delay damages and interest, consequential damages, engineering, surveying, or other expert fees or expenses, attorney fees, and any costs or expenses. By signing this Limited Mutual Release, the INSURER agrees that the foregoing Limited Mutual Release language does not extinguish and has not extinguished any and all duties or obligations that the INSURER may have under the Policy or at law, equity, or otherwise to, or on behalf of, KRUM for any and all loss or claims arising from the Unresolved Claims, including, but not limited to, claims for extra contractual damages, bad faith, statutory or regulatory violations, misrepresentation, breach of fiduciary duties, loss or diminution of value, delay damages and interest, consequential damages, engineering, surveying, or other expert fees or expenses, attorney fees, and any costs or expenses regarding the Unresolved Claims. The Parties acknowledge and agree that this Limited Mutual Release does not include, and KRUM reserves, his claims for Extra Living Expense coverage, Fair Rental Value coverage. KRUM's claim for damage to the Property's theatre and home automation systems, and reimbursement for installation of the water leak detection and control system, as limited by the "Water Detection expense" coverage in the Policy, all related to or arising from the Insured Event. The INSURER releases KRUM including any and all of his spouses, heirs, executors, administrators, predecessors, successors, affiliates, associated companies, assigns, trustees, beneficiaries, attorneys, agents, designers, Priscilla (a/k/a "Cricket") Dye, Cricket Greenwald Interior Design, Design Elements of the Carolinas, LLC, accountants, investigators, and any other of his representatives from any claims it may have arising from the Resolved Claim and



CHUBB_050945

CONFIDENTIAL

all claims or demands of any nature whatsoever, whether in law, in equity, or otherwise, whether based on tort, contract, or any other theory of recovery, and whether for general, special, compensatory, consequential, punitive, or any other damages, whether or not presently known or suspected, arisen, now arising, or which may hereafter arise with respect to the Resolved Claim.

3. **Full Settlement.** KRUM agrees and acknowledges that the receipt of the Additional Payment constitutes full and final payment of the Resolved Claim, in exchange for the Limited Mutual Release of the INSURER'S liability with respect to the Resolved Claim.

4. **Disclaimer of Liability.** KRUM agrees and acknowledges that neither payment of any sum by the INSURER, nor any settlement statement made during negotiations for this settlement of the Resolved Claim, nor any settlement statement or settlement communication made in connection therewith of the Resolved Claim, by the INSURER or its adjusters, attorneys, accountants, or representatives or by KRUM or his representatives will be considered an admission of liability, and further, that said Additional Payment by the INSURER and acceptance of said Additional Payment by KRUM will not by itself act as a precedent, in any way. The Parties acknowledge and agree that this Limited Mutual Release does not include, and KRUM reserves, his claims for Extra Living Expense coverage, Fair Rental Value coverage, KRUM's claim for damage to the theatre and home automation systems, and reimbursement for installation of the water leak detection and control system, as limited by the "Water Detection expense" coverage in the Policy, all related to or arising from the Insured Event.

5. **Indemnity.** Upon KRUM's receipt of the Additional Payment, KRUM agrees to indemnify, defend, and hold the INSURER harmless from any and all liabilities, claims, lawsuits, demands, collections, judgments, and liens with respect to any assertion by another entity that it is entitled to the Additional Payment and/or settlement amount and/or that the INSURER has not been





CONFIDENTIAL

fully and finally released from all of its obligations under the Policy related to the Resolved Claim after making the Additional Payment as provided in this Limited Mutual Release. This paragraph applies to any lawsuit brought of judgment obtained by any public adjuster, contractor, subcontractor, agent, representative, or any other individual or entity that performed work solely for KRUM and solely in connection with the Resolved Claim.

6. **Effect of Release.** Once executed by KRUM and INSURER, this Limited Mutual Release will be binding upon and inure to the benefit of the INSURER, its heirs, predecessors, parents, successors, assigns, affiliates, employees, agents, and any corporation or entity to which or with which they may merge or consolidate and to KRUM and his heirs.

7. **Applicable Law.** This Limited Mutual Release will be governed by and construed in accordance with the laws of the State of Colorado.

8. **Preparation of Release.** KRUM specifically acknowledges and agrees that this Limited Mutual Release has been prepared, reviewed, studied, and executed without compulsion, fraud, duress, or undue influence, and without circumstances that would overcome the free will of the signatories, and that it is expressly made by KRUM with the requisite experience. The INSURER and KRUM have each participated in the drafting of this Limited Mutual Release after consulting with counsel. Accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed in the interpretation of this Limited Mutual Release or any amendment of it. It is KRUM's intent that no part of this Limited Mutual Release be construed against the INSURER solely because of the identity of the drafter or the fact that the INSURER subscribed to or issued insurance policies. This Limited Mutual Release is not a contract of insurance.

9. **Authority.** KRUM represents and warrants that no other person or entity has had or may have in the future any interest in the claims, demands, obligations or causes of action

released under this Limited Mutual Release. KRUM has the sole right and exclusive authority to execute this Limited Mutual Release and receive the sums specified in it; and has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action released under this Limited Mutual Release. The Parties acknowledge and agree that this Limited Mutual Release does not include, and KRUM reserves, his claims for Extra Living Expense coverage, Fair Rental Value coverage, KRUM's claim for damage to the theatre and home automation systems, and reimbursement for installation of the water leak detection and control system, as limited by the "Water Detection expense" coverage in the Policy, all related to or arising from the Insured Event. INSURER further represents and warrants that Chubb Executive General Adjuster Steven J. Magnotta has the requisite authority to execute this Limited Mutual Release and bind the INSURER.

10. **Severability.** KRUM and INSURER agree that if any of these provisions should be deemed invalid or unenforceable by any court of competent jurisdiction, such invalidity or unenforceability will not affect the whole Limited Mutual Release, but the Limited Mutual Release will be construed as if not containing the particular provision held to be invalid or unenforceable, and the obligations of KRUM and INSURER will be construed and enforced accordingly.

11. **Waiver.** The INSURER's waiver of KRUM's breach of any provisions in this Limited Mutual Release shall not be construed as a waiver of any other or subsequent breach of this Limited Mutual Release. The INSURER's failure to enforce any provision in this Limited Mutual Release, or to exercise any right or privilege hereunder, shall not be construed as a waiver of any such provision, right, or privilege. KRUM's waiver of INSURER'S breach of any provisions in this Limited Mutual Release shall not be construed as a waiver of any other or subsequent breach of this Limited Mutual Release. KRUM's failure to enforce any provision in this Limited Mutual Release,





CONFIDENTIAL

or to exercise any right or privilege hereunder, shall not be construed as a waiver of any such provision, right, or privilege.

12. **Entire Agreement.** This Limited Mutual Release constitutes the entire agreement relating to the Resolved Claim. Except as expressly stated above, this Limited Mutual Release supersedes and replaces any and all prior or contemporaneous agreements or understandings, whether written or oral, with regard to the matters set forth herein. This Limited Mutual Release may not be amended or modified in whole or in part, nor any of its provisions waived, except by an agreement in writing signed by an authorized representative of the Parties.

13. **Counterparts.** KRUM and INSURER stipulate that this Limited Mutual Release may be executed by facsimile or by email and in one or more counterparts, each of which shall be an original, but which together shall constitute one Limited Mutual Release.

MARK JAY KRUM

Dated: November 3, 2020

Mark Jay Krum

GREAT NORTHERN INSURANCE COMPANY

Dated: November 3, 2020

By:

Steven J. Magnotta, EGA AVP
Authorized Representative of
Great Northern Insurance Company
An Affiliate of the Chubb Group