**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **MARK JAY KRUM**<br>**Plaintiff,**<br>**v.**<br><br>**CHUBB LIMITED;**<br><br>**AND**<br><br>**GREAT NORTHERN INSURANCE COMPANY;**<br><br>**AND**<br><br>**CELIA SANTANA;**<br><br>**AND**<br><br>**DALE KRUPOWICZ;**<br><br>**AND**<br><br>**PERSONAL RISK MANAGEMENT SOLUTIONS, LLC,**<br><br>**Defendants.** | **CASE NO.: 1:20-cv-03616-RM-NRN**<br><br>**PLAINTIFF'S RESPONSE AND OPPOSITION EXHIBITS TO DEFENDANT GNIC's MOTION FOR SJ** |

**PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT GREAT NORTHERN INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

# OPPOSITION EXHIBIT NO. 57
# MIKE PAVLUK DECLARATION

# DECLARATION

I, Michael Pavluk, hereby declare as follows:

1. I am the Vice President and co-owner of Frankentek Residential Systems, LLC ("Frankentek") with its U.S. office in Medford, New Jersey. My date of birth is January 7, 1965. I am 58 years old.

2. Frankentek has well over twenty-five years of professional experience in residential and commercial electronic installations. Frankentek is a full-service company with a national and international reputation providing design, engineering, installation, consulting services, architectural specifications, system design, as well as project management and system maintenance services for sophisticated and highly advanced luxury, world class, theater, home automation, energy management, communication, security, fire, and audio/video systems.

3. I graduated from high school in New Jersey in 1982 and received an Associate Degree in Electronics Technologies in 1985 from Pennco Technical Institute in Pennsylvania.

4. As for my knowledge in the home electronics industry, prior to 2010 there was no specialized "college" training for my field. To become a dealer for any of the high-end home electronic equipment, I was required to receive manufacturing training for which certificates were issued. I have held many certificates in Audio/Video, Home Theater, Lighting Control and "Home Automation", in addition to having completed classes in Sales, Project Management, Design, and Engineering. I consider myself a home technology expert specializing in designing, managing and maintaining complex automation and control systems for luxury residential projects.

5. Frankentek has been a member of the Custom Electronic Design & Installation Association ("CEDIA") for over 20 years. As a CEDIA member, Frankentek won the prestigious

MP

Bronze, Silver, and Gold Awards for excellence in the industry. To be a member of CEDIA, I was required to maintain annual Continuing Education Units (CEU credits) by taking numerous classes in our field.

6. I have known Mr. Krum for approximately 20 years when Frankentek was first retained by him to develop, design, engineer and install a home entertainment, audio visual ("AV") system and movie theater in a luxury home condominium in Philadelphia.

7. Frankentek has worked closely with Mr. Krum on AV, lighting and home entertainment systems in no less than five of Mr. Krum's residences located in Philadelphia, New Jersey, New York City and Beaver Creek.

8. In 2008 Frankentek received a CEDIA award for building the number one home theater in the United States (the "2008 Frankentek Theater"). Frankentek also received the CEDIA award for Best Theater and Showroom in 2010.

9. In June of 2010 Mr. Krum retained Frankentek to develop, design, engineer, install and service a movie theater and AV home automation systems (the "THAS") at a property he was purchasing in September 2010 at 373 Strawberry Park Road, Beaver Creek, Colorado (the "BC Property"). At this time Mr. Krum had instructed and reached an agreement with Frankentek that the BC Property movie theater specifications had to exceed the 2008 Frankentek Theater in acoustic quality and performance levels and "that by anyone's professional and industry standards would be valued in excess of $1 Million."

10. In 2010, the original contract price for Frankentek's services and systems at the BC Property was $2,242,403.00.

11. From the very beginning it was Frankentek's understanding that Mr. Krum would be investing millions of dollars with the intent to build "The Worlds Greatest Ski Lodge" located



MP

on Beaver Creek Mountain, Colorado, and that the BC Property would be offered for luxury rentals.

12. Throughout 2012 through 2019 Frankentek was aware that Mr. Krum had advertised the BC Property for rent on the internet at the professional website titled "The World's Greatest Ski Lodge" at: MJPropertiesLLC.com.

13. After the BC Property was fully renovated in 2012, Frankentek was retained and did provide THAS services to be on call 24/7 during some of Mr. Krum's rentals.

14. On December 24, 2019 I learned that earlier that day a single actuated sprinkler head inside the BC Property had failed and released hundreds of gallons of liquid contaminant throughout all four levels of Mr. Krum's residence (the "Insured Event").

15. From January 6, 2020 through January 10, 2020 I inspected the BC Property THAS to determine the damages sustained by Mr. Krum to the THAS from the Insured Event (the "Frankentek Initial Inspection"). During the Frankentek Initial Inspection I spent over 35 hours conducting a comprehensive inspection of the THAS.

16. On January 8, 2020 I was advised by Tony Pierce of ServPro that within hours of the Insured Event "humidity levels throughout the BC Property exceeded 80%."

17. On January 10, 2020 I had a two plus hour meeting with Chubb Senior General Adjuster Tommy Le ("Chubb Adjuster Le") and Chubb's consultant Mr. Brian Beatty, Vice President of J.S. Held, regarding the Frankentek Initial Inspection. I was available to answer all of their questions. I advised Chubb Adjuster Le and Mr. Beatty that it was the "recommendation of Frankentek and that of the equipment manufacturers that 100% of the equipment and cabling in any affected area must be replaced to ensure reliability, safety, and to achieve the prevous performance levels."

MP

18. I am the author of the Frankentek January 26, 2020 Damage Assessment Report of the THAS and all its supporting attachments (the "Jan. 26 THAS Report") that was provided to Mr. Krum and Chubb Adjuster Le on January 27, 2020.

19. The Jan. 26 THAS Report states that the "current calculation to replace the Home Theater System damaged equipment plus the Whole House Systems damaged equipment to performance and specifications . . . [just before the Insured Event] is $1,085,151.00 [$851,121.00 for Theatre and $234,030.00 for Home Automation Systems]. . . . However, it should be expected that upon further investigation and construction in the home, other equipment and cable may need to be replaced" and that this amount does not include "demolition, disposal, removal of equipment, removal of cables, travel expenses, and construction cost, *etc*." The Jan. 26 THAS Report further did not inclue any necessary general contracting and management fees by others relative to Frankentek's THAS repairs.

20. On February 7, 2020, I was present at the BC Property to answer questions while Mr. Anthony Danza of J.S. Held earlier that day had complete access to the BC Property THAS for any and all inspections and testing Chubb desired under the agreed condition that "all liability for said inspections (and for removal of Mr. Krum's equipment/components) by J.S. Held shall and will be borne by Chubb and its agents" (the "J.S. Held February 7 THAS Inspection").

21. During the J.S. Held February 7 THAS Inspection I discussed with Mr. Danza Frankentek's descripton of primary contaminant damage, secondary humidity damage, damage that can occur with remediation / reconstruction and the "Domino Effect" on other pieces of equipment that may be operational but must be replaced due to other devices being damaged.

22. During the J.S. Held February 7 THAS Inspection Mr. Danza stated to me that he had "not read" the Jan. 26 THAS Report.

mp

23. I am the author of the Frankentek February 20, 2020 Damage Assessment Supplemental Report of the THAS (the "Feb. 20 THAS Supplemental Report") that was provided to Chubb Adjuster Le on February 23, 2020.

24. The Feb 20 THAS Supplemental Report states in part: "Frankentek does not agree with the February 17, 2020, JS Held Inspection Protocol and will not participate in any joint inspection removing any equipment and/or removing electronic devices with JS Held from the Krum residence. Frankentek firmly asserts that its report of January 26, 2020 accurately sets forth the damage to the Theater, Home Automation system, and Whole House Electronic System directly cuased by the December 24, 2019 sprinkler head failure."

25. The Feb 20 THAS Supplemental Report states that "Mr. Krum made it clear that JS Held [Chubb's consultant] had complete access to inspect and remove and test any equipment Frankentek had claimed to be damaged under the condition that any individual or company inspecting, testing, and/or removing the equipment would be responsible for any additional damage caused to the Theater and any other Audio Video equipment in the home."

26. I am aware that on February 24, 2020 Mr. Krum provided Chubb Adjuster Le, with the detailed report of SimpleTech, of Carbondale, Colorado, dated February 23, 2020, on Mr. Krum's damage claims for his THAS from the Insured Event (the "February 23 SimpleTech Report") and that the SimpleTech Report set forth that the repair and replacement cost for the damage to the Krum THAS as a direct result of the Insured Event at $1,655,868.31.

27. I am aware that on March 10, 11, 12, and 13, 2020, for over thirty hours, J.S. Held and Chubb had complete access to the BC Property THAS for any and all inspections and testing they desired (the "J.S. Held March 2020 THAS Inspections").

MP

28. I am aware that at the J.S. Held March 2020 THAS Inspections neither J.S. Held nor Chubb ever once obtain any manufacturers' approval and/or guidance prior or subsequent to taking apart Mr. Krum's THAS equipment and components.

29. Despite my repeated requests for Chubb's representativies to operate the THAS equipment and components, at no time did I observe them do so, nor was I ever advised that they even attempted to perform the task.

30. On April 3, 2020 I did authorize Mr. Krum to advise Chubb that Frankentek remains ready to immediately proceed with rebuilding the BC Property THAS.

31. On or about April 17, 2020 I was advised that Chubb's "loss assessment of the equipment to date" for the THAS was "$39,039.22".

32. On or about June 12, 2020 I was advised that Chubb assessed the BC Property THAS damage claim to be in the amount of $128,165.00. It is my understanding that the $128,165.00 was Chubb's last BC Property THAS "loss assessment" until the Appriasal Award issued by myself and the other appraisers on May 13, 2021.

33. The only Chubb reports that I have ever been provided with to date regarding the BC Property THAS are:

(i) JS Held Report of April 15, 2020 (Plaintiff's Depo. Ex. 24A);
(ii) JS Held Report of April 26, 2020 (Plaintiff's Depo. Ex. 24B);
(iii) JS Held Spreadsheet April 2020 – 15 pages (Plaintiff's Depo. Ex. 24C);
(iv) Envista Foresics Report of June 8, 2020 (Plaintiff's Depo. Ex. 25C);
(v) Contents Consulting LLC Inventory ACV/Variance Report of June 10, 2020 (Plaintiff's Depo. Ex. 25B); and
(vi) Contents Consulting LLC Inventory ACV/Variance Report of June 10, 2020 (Plaintiff's Depo. Ex. 25A).

34. On or about June 13, 2020 Mr. Krum spoke with me and I advised him that in my opinion the J.S. Held, Contents Consultants' and Envista reports prepared on behalf of Chubb all



MP

failed to take into consideration the professional recommendations of the manufacturers and AV professionals who manufactured and installed the BC Property THAS.

35. On or about June 17, 2020 I was retained by Mr. Krum to be the insured's designated appraiser for his THAS claims from the Insured Event.

36. On or about July 1, 2020 Chubb designated Mr. Tom Kirkpatrick of Contents Consulting LLC ("Mr. Kirkpatrick") as their (the insurer's) designated appraiser for Mr. Krum's THAS Claims.

37. On or about July 1, 2020 Chubb was advised that I proposed the following three (3) neutral AV and Home Entertainment firms to serve as the third appraiser:

HomeTronics
17819 Davenport Road, Suite 210
Dallas, TX 75252
(972) 490-1090

Roberts Home Audio and Video
1611 South La Cienega Blvd.
Los Angeles, CA 90035
(310) 276-3955

Mr. Daniel Stern
Aurum
3002 Walnut Street
Denver, CO 80205
(303) 558-9050

and requested that Mr. Kirkpatrick promptly contact me directly at Frankentek (609-780-6434) so that we can timely attempt to agree on a disinterested and competent third THAS appraiser to resolve differences in accordance with the Policy.

38. On July 8, 2020 Mr. Kirkpatrick advised that he nominates "Craig Rice to be the Umpire. He is an electrical engineer who is the CEO & Principal Engineer of Golden Forensics, LLC, in Arvada, Colorado".



MP

39. On July 9, 2020 I requested Mr. Kirkpatrick to:

> "Please promptly provide me with a curriculum vitae that sets forth the experience Mr. Craig Rice has with determining and valuing the cost of development, operation, engineering, and installation of world class residential movie theatre systems and Luxury Home Automation Systems. This Appraisal process is to determine the amount of loss and value (*i.e.*, replacement cost). Please provide me with what competency and familiarity Mr. Rice has with the THAS items being appraised. However, do not contact Mr. Rice directly and please confirm that to date you have had no ex party contact with Mr. Rice regarding the Krum THAS. Has Mr. Rice and/or Golden Forensics, LLC ever been previously retained by Chubb or its representatives?"

40. At no time did Mr. Kirkpatrick bring to my attention that Chubb and/or its representatives had been in contact with Mr. Rice prior to July 8, 2020.

41. When I nominated Daniel Stern of Aurum Home Technology ("Aurum") in Denver, Colorado as a third appraiser I had no recollection of any prior meeting or contact with Mr. Stern and/or Aurum. I was aware, however, that Mr. Stern was the President/CEO of Aurum; that he was a highly trusted home technology expert specializing in designing, managing and maintaining complex automation and control systems for luxury residential projects with over 20 years of success in the Colorado home technology industry; and that since in or about 1995 he had consistently been one of the top technology providers for leading manufacturers including, Lutron, California Audio Technologies, and many others. It was my understanding that Mr. Stern was respected by peers and design professionals for adhering strictly to best practices with an obsessive eye for detail and that he had founded Aurum with a mission to provide the highest level of service, design and reliability in the fast moving technology industry.

42. On or about August 20, 2020, I was advised that Chubb rejected Mr. Stern and the other individuals I requested as a neutral and competent Third Appraiser.

43. On September 19, 2020 I requested that Mr. Kirkpatrick provide me and Mr. Krum with any report(s) he had written regarding the BC Property THAS.

mP

44. As of the date of my Declaration neither Mr. Kirkpatrick nor Chubb has provided me or Mr. Krum with any BC Property THAS report(s) other than those set forth in paragraph 33 above.

45. Mr. Kirkpatrick and Chubb continually refused to offer as a Third Appraiser any individual who had any prior experience (background, knowledge, skill) relevant to the technical factors involved with the development, operation, engineering and installation of a luxury residential movie theater and Luxury Home Automation Systems.

46. On September 29, 2020 I wrote Mr. Kirkpatrick again requesting that he provide me with "any written reports [he] authored and/or adopted on the Krum THAS."

47. I am the author of the Frankentek January 15, 2021 Second Supplemental Report of the THAS (the "Jan. 2021 THAS Second Supplemental Report") that was provided to Chubb on January 20, 2021.

48. On or about February, 2021, I was advised by Mr. Krum that he had filed an Amended Complaint in the civil action pending in the United States District Court for the District of Colorado captioned: *Mark Jay Krum v. Chubb Limited, et al.*; Case No. 1:20-cv-03616-RM-GPG and that Mr. Krum's THAS Appraisal claim was for an amount of additional damages of no less than $1,200,377.70 ($1,032,151.00 - $128,165.00 + 206,430.20 + $20,657.00 for Frankentek's estimated travel expenses + $69,304.50 for additional amounts set forth in Frankentek's Second Supplement Report dated January 15, 2021).

49. On or about April 21, 2021 I became aware that the Court granted Mr. Krum's Motion for the Court to a Appoint a Third Appraiser and ordered that "Mr. Daniel Stern, President and CEO of Aurum Home Technology in Denver, Colorado [one of Plaintiff's three



MP

proposed expert appraisers] is appointed the third appraiser under the Policy's appraisal provision"

50. The Appraisal process in this matter was to determine the amount of loss and value (*i.e.*, replacement cost) for Mr. Krum's BC Property THAS. Mr. Krum was claiming additional THAS damages of no less than $1,200,377.70.

51. On May 13, 2021, I as one of the three member THAS Appraisal Panel issued a THAS Appraisal Award in the amount of $1,205,000.00.

52. On May 17, 2021, the three member THAS Appraisal Panel issued the THAS Supplemental Appraisal Award

53. I declare under penalty of perjury under the laws of the United States and the States of Colorado and New Jersey that the foregoing is true and correct.

Executed on March 6, 2023
At Medford, New Jersey

Michael Pavluk

Michael Pavluk
The Declarant
708 Stokes Road
Medford, NJ 08055

Witnessed by the undersigned
on March 6, 2023

Lorraine DiMaio

Ms. Loraine DiMaio