**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore**

Civil Action No. 20-cv-03616-RM-NRN

MARK JAY KRUM,

    Plaintiff,

v.

CHUBB LIMITED,
GREAT NORTHERN INSURANCE COMPANY,
CELIA SANTANA,
DALE KRUPOWICZ, and
PERSONAL RISK MANAGEMENT SOLUTIONS, LLC,

    Defendants.

---

## ORDER
---

Before the Court are Plaintiff's Motion to Supplement the Record of the U.S. District Court to the United States Court of Appeals for the Tenth Circuit (ECF No. 300) and Great Northern's Motion to Amend Final Judgment (ECF No. 302). In light of the latter, the United States Court of Appeals for the Tenth Circuit has abated the appeal that was filed in this case. The Motions have been fully briefed. (ECF Nos. 303, 310, 312, 316.) For the reasons below, Plaintiff's Motion is denied, and Great Northern's Motion is granted in part and denied in part.

Plaintiff's Motion seeks to supplement the record on appeal with a deposition transcript and eleven other exhibits that were submitted to the magistrate judge in connection with a discovery dispute but not filed on the docket. In its Response, Great Northern argues, inter alia, that Plaintiff's appeal is limited to the decision on the underlying summary judgment motions

and that the appellate record should be limited to documents that were before the Court when it ruled on those motions.  The Court agrees with Great Northern.  The exhibits Plaintiff seeks to include played no part in rulings being appealed, and he has failed to establish any reason why they would properly be considered on appeal.  *See M Welles & Assocs., Inc. v. Edwell, Inc.*, 69 F.4th 723, 729 (10th Cir. 2023) (stating that Fed. R. App. P. 10(e) does not countenance supplementing the record with evidence that was not before the district court).  Therefore, Plaintiff's Motion (ECF No. 300) is DENIED.

Great Northern's Motion is unopposed to the extent it contends that the final judgment should be amended (1) to delete any references to entering summary judgment in favor of Defendant Chubb Limited, an entity that was never served in this case; (2) to reflect that Plaintiff's Amended Motion for Partial Summary Judgment (ECF No. 252) is granted against Great Northern only; and (3) to dismiss Chubb Limited.  The parties disagree on whether the claims against Chubb Limited should be dismissed with or without prejudice.

Great Northern argues that dismissal with prejudice is appropriate because Plaintiff failed to prosecute his claims against Chubb Limited or to offer any explanations as to why it has yet to be served over three years after the original Complaint was filed in December 2020.  However, dismissal without prejudice is generally an appropriate sanction for failure to prosecute a case. *See, e.g.*, *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) ("The sanction of dismissal with prejudice for failure to prosecute is a 'severe sanction,' a measure of last resort.").  At this stage of the case, and in the absence of a fully briefed motion or circumstances clearly warranting such a sanction, the Court DENIES the

2

request to dismiss with prejudice the claims against Chubb Limited. Great Northern's Motion (ECF No. 302) is otherwise GRANTED.

The Clerk is directed to ENTER the Amended Final Judgment, and this case remains CLOSED.

SO ORDERED.

DATED this 29th day of September, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge

3