IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 20-cv-03616-RM-NRN

MARK JAY KRUM,

    Plaintiff,

v.

CHUBB LIMITED,
GREAT NORTHERN INSURANCE COMPANY,
CELIA SANTANA,
DALE KRUPOWICZ, and
PERSONAL RISK MANAGEMENT SOLUTIONS, LLC,

    Defendants.

___

## ORDER
___

Before the Court are two Motions by Plaintiff, seeking review of the Clerk's taxation of costs in this insurance case. (ECF Nos. 341, 342.) For the reasons below, one of the Motions is granted in part, but they are otherwise denied.

**I.   BACKGROUND**

This case was closed nearly two years ago. Plaintiff, an attorney proceeding pro se, sued his insurer and others, seeking more than a million dollars in damages following a sprinkler malfunction that damaged his luxury ski home. Defendants prevailed on summary judgment, and the Court entered Final Judgment, followed by an Amended Final Judgment.

Defendants Santana, Krupowicz, and Personal Risk Management Solutions (the "Broker Defendants") and Defendant Great Northern Insurance Company each filed a proposed Bill of

Costs. (ECF Nos. 324, 325.) The Clerk taxed costs in favor of the Broker Defendants in the amount of $5,885.15 and in favor of Great Northern in the amount of $15,474.45. Plaintiff challenges the taxation of certain costs, arguing that $795 and $977.35, respectively, should be deducted from the costs awarded to the Broker Defendants and to Great Northern.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 54(d)(1), costs other than attorney fees should generally "be allowed to the prevailing party." This Court's broad discretion in reviewing the Clerk's awards under the Rule is limited in two ways: "First, Rule 54 creates a presumption that the district court will award costs to the prevailing party. Second, the district court must provide a valid reason for denying such costs." *In re Williams*, 558 F.3d 1144, 1147 (10th Cir. 2009) (quotations and citations omitted). Although proposed costs are scrutinized, courts "do not employ the benefit of hindsight in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case." *Id.* at 1148 (quotation omitted). "A prevailing party bears the burden of establishing the amount of costs to which it is entitled." *Cohlmia v. St. John Med. Ctr.*, 693 F.3d 1269, 1288 (10th Cir. 2012). "[O]nce that burden is met, the burden shifts to the non-prevailing party t overcome the presumption that these costs will be taxed." *Id.* (quotation omitted).

## III. ANALYSIS

In his first Motion, Plaintiff contends that a charge for an expedited deposition transcript (in the amount of $470) was not reasonably necessary, citing issues related to scheduling the deposition of his expert. (ECF No. 341 at 2-3.) In their Opposition, the Broker Defendants

2

explain that the deposition occurred just one week before their motion to exclude expert testimony was due, which necessitated the expedited transcript. (ECF No. 344 at 3.)

"Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are taxable under 28 U.S.C. § 1920(2). Here, although Plaintiff contends the deposition could have been scheduled sooner, the Court is not persuaded that the Broker Defendants are solely responsible for the purported delays related to the scheduling and timing of the deposition in December and January. Nor is the Court persuaded that, given the Scheduling Order, the additional charge for an expedited transcript was incurred merely for defense counsel's convenience. Therefore, the Court denies this part of Plaintiff's Motion.

Plaintiff next contends that a fee incurred to allow an associate to virtually attend the deposition of its expert (in the amount of $295) was not reasonably necessary. The Broker Defendants contend that by allowing counsel to attend the deposition remotely they avoided incurring additional travel expenses. Under the circumstances, the Court declines to second-guess an imminently reasonable staffing decision and finds that this fee is appropriately included in the Broker Defendants' award of costs.

Plaintiff also contends that the Broker Defendants are not entitled to out-of-pocket expenses (in the amount of $30) associated with the same deposition. The Broker Defendants have not explained these expenses and did not respond to this part of Plaintiff's Motion. Accordingly, on the current record, the Court concludes that this fee should not be taxed against Plaintiff and grants this portion of Plaintiff's first Motion only.

In his second Motion, Plaintiff contends that the cost of six hearing transcripts (in the amount of $977.35) should be deducted from Great Northern's cost award because Plaintiff

prevailed on his Motion requesting that the Court appoint a third appraiser (*see* ECF No. 61.), and therefore Great Northern was not the sole prevailing party in the litigation. (ECF No. 342 at 3.) Plaintiff also contends these transcripts were not a reasonably necessity.

Great Northern responds, correctly, that it does not need to be the sole prevailing party to be entitled to its costs. *See Roberts v. Madigan*, 921 F.2d 1047, 1058 (10th Cir. 1990) (upholding costs award "to the party that prevailed on the vast majority of the issues and on the issues contested at trial"). Great Northern also points out that the expenses awarded pertain to Plaintiff's claims for breach of contract and bad faith—claims on which it clearly was the prevailing party—and contends that the transcripts were reasonably necessary due to "ongoing discovery disputes and Plaintiff's ever-evolving claims." (ECF No. 343 at 3.) Further, Great Northern asserts that expedited and rough draft charges were not included in its bill of costs. (*Id.* at 3-4.)

The Court finds Plaintiff's arguments unavailing. Following the Court's appointment of the third appraiser, Great Northern paid the resulting appraisal award. Thereafter, the focus of the litigation, which lasted more than two years, was Plaintiff's breach of contract and bad faith claims. The transcripts at issue were necessarily obtained for litigating these claims, on which Great Northern ultimately prevailed. Thus, Great Northern prevailed on the vast majority of the issues that were truly contested in this case, and the Court discerns no basis for reducing the costs awarded by the Clerk.

**IV.  CONCLUSION**

Plaintiff's first Motion (ECF No. 341) is GRANTED IN PART, and the Clerk's award of costs in favor of the Broker Defendants is reduced by $30.  Plaintiffs' Motions (ECF Nos. 341, 342) are otherwise DENIED.

SO ORDERED.

DATED this 18th day of June, 2025.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge